## STATE v. BENNETT.

1. SUPREME COURT—JURISDICTION—RETURN.—The Supreme Court has no jurisdiction to hear an appeal until return filed, even though counsel consent; but counsel having agreed to the Brief as a sufficient return and then filed it, the appeal could be heard.

2. EVIDENCE OF DETECTIVES—CHARGING JURIES.—The testimony of a detective, with compensation dependent upon conviction, is subject to the same rules that govern the testimony of other witnesses; and the jury were properly instructed to consider all the facts in determining what weight they should give to the evidence of the witnesses, though not so instructed in the very language of a request to charge.

3. APPEAL—FACTS.—Alleged insufficiency of evidence to support a verdict cannot be considered by the Supreme Court.

4. IMPEACHING VERDICT—A RECOMMENDATION TO MERCY included in a verdict of guilty of murder, does not invalidate the verdict; nor will it be disturbed on the affidavit of one of the jurors that he had doubts as to the prisoner's guilt, and agreed to the verdict only because he believed the recommendation to mercy would procure a pardon or commutation of sentence.

Before IZLAR, J., Berkeley, June, 1893.

Indictment against Grant Bennett and Peter Burno for murder. On the call of the docket of the First Circuit, on January 23, 1894, the solicitor moved to take up the appeal for argument on the call of the First Circuit docket. The Chief Justice stated that the same was not on the docket, and

1    that the clerk had informed him that the return had not been filed; consequently the court had no jurisdiction

of the case.   The solicitor stated that he waived any techni-
cality, and would consent to the docketing of the case, as he
was desirous of disposing of the appeal.   The Chief Justice
stated that consent did not give jurisdiction; that it was neces-
sary to file the return to give the court jurisdiction and con-
stitute a record for the court to act upon; that counsel could
agree on the Brief, and file that, under the statute, for the re-
turn.   This the counsel did; and the Brief was agreed to, so
signed, and filed as the return, though incomplete and imper-
fect, the statute allowing such agreed statement to be filed as
the return.

*Mr. B. P. Barron,* for appellants.

*Mr. Jervey,* solicitor, contra.

January 30, 1894.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.   The defendants were charged
with the crime of murder, in wrecking a passenger train on
the South Carolina Railroad at Lincolnville, in the County of
Berkeley, of the State of South Carolina, on the night of No-
vember 28, 1891, and thereby causing the death of one Mason
Parker on the said passenger train.   The cause came on to be
heard before his honor, Judge Izlar, and a jury.   There was
much testimony, which is all printed in the record, including
that of an employed detective.   Under the charge of the judge,
the jury found both the defendants "guilty, with a recom-
mendation to mercy."   The trial judge refused a motion for a
new trial, and thereupon the defendants appeal to this court
to reverse the judgment below, upon the following grounds:
*First.* Because his honor erred in refusing to charge as re-
quested, to wit: "That the testimony of the detective is to
be received with great caution and distrust, by reason of the
motives and inducements to secure a conviction being differ-
ent from that of the good citizen under unselfish influences."
*Second.* Because his honor erred in refusing the motion for a
new trial, on the ground that the verdict is not sustained by
the evidence, there being no sufficient testimony to corroborate
the incredible testimony of the detective, the witness, Bob Lee,

evidently being the tool of the other detective, Weinbush. *Third.* Because, had the defendant, Bennett, made the confession, as testified to by the detective, Weinbush, it was incompetent evidence to effect the defendant, Burno; and eliminating this testimony, there was no evidence to support the verdict. *Fourth.* Because his honor erred in refusing the motion for a new trial, predicated on the verdict of the jury (recommending the parties convicted to the mercy of the court) and the following affidavit: "The State of South Carolina, Berkeley County. Personally appeared Phillip H. Hutchinson, who, being duly sworn, says: That he was a member of the jury on the trial of the above stated case at the present term of the court; that he was not satisfied of the guilt of the prisoners, and only consented to the verdict because he believed that the recommendation to mercy would secure the pardon of the prisoners or a commutation of the sentence which should be passed. (Signed) P. H. Robinson. Sworn to before T. G. Venning, N. P."

As to the first exception. The judge did charge that the credibility of all witnesses is for the jury: "And in passing upon the credibility of witnesses, and the weight which you will attach to their testimony, you must consider all the circumstances, their opportunity for knowing what they testify to, their conduct and demeanor upon the witness stand, the influences under which they testify, the inducements held out to them, and everything which is calculated to bias and influence their views and judgment, and then say what weight you will give to their evidence. In this case, you will consider the fact that the confessions in this case were made to a detective, who was working up the case, and whose compensation depends upon the result of the trial. The testimony of the detectives should be received like that of other witnesses, and weighed in the light of all the surrounding circumstances," &c. This was not in the precise terms of the request to charge, but it announced the same principle in other language. We know of no law which subjects the evidence of a detective to other rules than those applied to other witnesses. No error here.

The second exception relates to an alleged insufficiency of testimony to sustain the verdict. That is a pure question of fact, of which, as often ruled, this court in a law case can not take cognizance. "This court has no power to consider alleged error of the Circuit Judge in refusing to set aside a verdict in a law case upon the ground of an alleged insufficiency of the testimony." *State* v. *Robinson*, 35 S. C., 340. The third exception is also based upon alleged error as to matter of fact. It was admitted at the hearing in this court, "that the Circuit Judge instructed the jury that the testimony as to the confessions of one of the defendants was not to be considered against the other." Whether there was other testimony to authorize and sustain the verdict was a matter exclusively for the jury. No error as alleged here.

The fourth exception alleges error on the part of the Circuit Judge, for the double reason, that one member of the jury which heard the case made an affidavit: "That he was not satisfied of the guilt of the prisoners, and only consented to the verdict because he believed that the recommendation to mercy would secure the pardon of the prisoners or a commutation of the sentence which would be passed," &c.; and also for the reason that the verdict contained a recommendation to mercy. (1) As to the recommendation to mercy. It seems that the practice of making such recommendations by the jury is as old as trial by jury itself, and possibly made for the most part in the hope that they may have some weight with the judge or other officer having, within certain limits, the right to graduate the punishment or exercise executive clemency. But be that as it may, in a court having jurisdiction only for the correction of errors of law, such recommendations can have no effect whatever upon the verdict regularly and solemnly rendered. See *State* v. *Gill*, 14 S. C., 414.

(2) As to the affidavit of Mr. Hutchinson (one of the jury which tried the case), expressing his dissatisfaction with the verdict, we can only repeat what this court said in the case of *State* v. *Senn*, 32 S. C., 408: "This court cannot lend a ready ear to disclosures coming from the jury room. * * * The affidavits undertake to state the manner in which the ver-

dict was reached, and especially that 'the recommendation to mercy' was to induce a commutation of the death penalty. It is very clear that it can have no such effect. The court is bound to take the verdict as rendered, and refuse to listen to any affidavits of jurors tending to impeach it. There are reasons of public policy why jurors should not be heard to impeach their verdict, whether by showing their mistakes or their misconduct. Neither can they be properly permitted to declare, with a view to effect their verdict, an intent different from that actually expressed by their verdict as regularly rendered in open court. See *Smith* v. *Culbertson*, 9 Rich., 111; *State* v. *Tindall*, 10 Rich., 213; 3 Graham & Waterman on New Trials, page 1628, and cases cited. In the case of Culbertson, Judge Wardlaw, in delivering the judgment of the Court of Appeals, said : "The mischiefs, the delays, the arts, the scandal likely to ensue, come naturally to our thoughts when we imagine encouragement given to the pursuit of jurors by disappointed suitors for the purpose of obtaining affidavits to invalidate verdicts regularly rendered. * * * Whether they have been misled by sophistry or mistake, or have adopted the determination of a majority or of a chance, they have, upon their oaths, unanimously rendered a verdict in solemn form, and high considerations of justice and policy place that verdict beyond their future influence," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed upon the defendants.