## STATE v. JONES.

1. WITNESS—CONTRADICTION.—Under indictment for shooting another, where defense testifies that shooting was done because of attempt of prosecutor to seduce his sister, upon denial prosecutor should not be contradicted, as it is immaterial matter.

2. ASSAULT AND BATTERY.—INSTRUCTION that if circumstances justify the conclusion that defendant was laboring under a passion occasioned by an attempt to seduce his sister, the jury might find him guilty of assault and battery of a high and aggravated nature, is not prejudicial to defendant where jury finds him guilty of assault and battery with intent to kill.

3. MALICE.—Instruction that if it be shown beyond reasonable doubt that one man has taken the life of another the law requires of him a strict account, is a statement in another form of the doctrine that the law infers malice from a homicide.

4. INSTRUCTION that in this case it is not at all incumbent on the Judge to observe recommendation to mercy is not an intimation by Judge that case is a bad one.

Before PRINCE, J., Laurens, January, 1906. Affirmed.

Indictment against Walter Jones for assault and battery with intent to kill. From sentence on verdict, defendant appeals.

*Mr. W. R. Richey,* for appellant.

*Solicitor R. A. Cooper,* contra.

June 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement of facts:

"The defendant, Walter Jones, was indicted at the January, 1906, term of the Court of General Sessions for Laurens County, for assault and battery with intent to kill one Will Pitts, on September 27th, 1905, with a loaded gun. He pleaded not guilty, and was tried before his Honor, Judge Prince, and a jury at said term, and convicted. The defendant moved the presiding Judge upon the minutes of the Court for a new trial, which motion was refused; and the defendant was sentenced to imprisonment at hard labor for two and one-half years.

"The testimony on the part of the prosecution was to the effect that Will Pitts, the prosecutor, and Walter Jones, Jr., the defendant, met about dark on the evening of the difficulty, had a quarrel about mowing some hay, parted and went to their homes. (They lived about one mile from each other.) The defendant appeared at the prosecutor's house after dark, called him out of the house and shot him. The testimony on the part of the defense was to the effect that defendant was about seventeen years old, lived with his parents, and that Will Pitts, the prosecutor, was about thirty years old, and had a wife and family. That Will Pitts had made several efforts to seduce Marie Jones, sister of defendant, and had tried to get her to elope with him. That on

458

the evening of the difficulty defendant met up with Will
Pitts about dark and had a quarrel about Pitts' conduct to-
wards defendant's sister. That Pitts cursed defendant and
told him, Yes, he (Pitts) had been to the room of defend-
ant's sister, and that there was no d—d help for it. Defend-
ant went home, got his gun and went to Pitts' house and
called him out, and told him he was ready to settle the matter
with him. Will Pitts came out of the house with his pistol
in his hand, and defendant shot him. Will Pitts denied that
the trouble was about defendant's sister."

Defendant appealed upon exceptions, the first of which
is as follows:

"1. Because his Honor, the presiding Judge, erred in hold-
ing that the question as to whether or not Will Pitts, the
prosecutor, was the father of his niece's child, was an imma-
terial matter, and in holding that the prosecutor could
not be contradicted on that point, when it appeared
that the defendant shot Will Pitts for attempting to
seduce defendant's sister, and had denied that that was the
cause of the shooting. We submit that the question was
material."

We fail to discover wherein the testimony was material in
any view of the case, and this exception is overruled.

The second and third exceptions are as follows: "2. Be-
cause his Honor erred in charging the jury as fol-
lows: 'In no event could you find simple assault and
battery where a man shoots another with a gun.'
The error being that the presiding Judge invaded the pro-
vince of the jury."

"3. Because his Honor erred in charging the jury as fol-
lows: 'I charge you that if you should find in this case that
the defendant committed an assault and battery by shooting
the prosecutor, and that he did it because he had insulted
his sister, then, I charge you, Mr. Foreman, that you would
have the right, if you think the circumstances justify you in
coming to that conclusion, to assume that he was laboring
to such an extent under the passion aroused by this wrong

as to have reduced, if death had resulted, the killing from murder to manslaughter; and, therefore, in this case, to reduce it from assault and battery with intent to kill, to assault and battery of a high and aggravated nature.' The error being (1) a charge upon the facts, in violation of section 26, article V., of the Constitution of 1895; (2) the said charge precluded the jury from finding a verdict, except one for assault and battery with intent to kill, or assault and battery of a high and aggravated nature."

If the jury had rendered a verdict finding the defendant guilty of assault and battery of a high and aggravated nature, quite a different question would be presented from that raised by these two exceptions. The jury, however, found the defendant guilty of assault and battery with intent to kill, thus showing that they did not think the defendant entitled to a verdict even of assault and battery of a high and aggravated nature. The verdict shows that the charge was not prejudicial to the appellant. These exceptions cannot be sustained.

"4. Because his Honor erred in charging the jury as follows: 'It takes a good deal on the part of the defendant, because whenever it is shown to the satisfaction of the jury beyond a reasonable doubt that one man has taken the life of another, the law requires of him a very strict account. That is what the law requires, a very strict account.' The error being in violation of the law of the land, which does not require the defendant to account at all, but requires the State to make out its case beyond every reasonable doubt; and the law only requires the defendant to show a reasonable excuse for the killing by the preponderance of the testimony." The Judge simply stated in another form the well settled doctrine that the law infers malice from the mere fact of a homicide.

The fifth exception is as follows: "5. Because his Honor erred in charging as follows: 'Of course, it is always competent for a jury to recommend to mercy in any case, but I am free to say to you in this case that it is not at all incum-

bent upon the Judge to observe it.' The error being
4    that the presiding Judge intimated as his opinion that
this case was such a bad one he would not observe
any recommendation that the jury might make." As the
jury did not recommend to mercy and as the presiding Judge
stated a proposition about which there can be no dispute, this exception must likewise be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Messrs. Justices Jones and Woods *concur in the result.*