### 11518

#### STATE v. HARVEY

#### (123 S. E., 201)

1. CRIMINAL LAW—DISCUSSION OF CASE ON PLEA OF GUILTY IN DEFENDANT'S ABSENCE HELD ERROR.—Action of circuit Judge in taking solicitor and another into his room and discussing the case, in absence of defendant or his counsel, before passing sentence upon plea of guilty, *held* error.

2. CRIMINAL LAW—REFUSAL TO PERMIT WITHDRAWAL OF PLEA OF GUILTY AFTER SENTENCE HELD ERROR.—Trial Judge's refusal to permit defendant to withdraw his plea of guilty after sentence and interpose a defense *held* error, in view of a continuance of a similar case on theory that, due to condition of public mind, a fair trial could not be obtained, which probably induced the plea of guilty.

3. CRIMINAL LAW—ORDINARILY, REFUSAL TO PERMIT WITHDRAWAL OF PLEA OF GUILTY WITHIN TRIAL COURT'S DISCRETION.—Ordinarily, refusal to permit withdrawal of plea of guilty is within trial Court's discretion.

Before BOWMAN, J., Charleston, November, 1923. Reversed.

H. Lee Harvey was prosecuted for violation of the banking laws. From the refusal to allow defendant to withdraw his plea of guilty after sentence imposed and to interpose a defense he appeals.

The order of the circuit Judge mentioned in the opinion was as follows:

The above-entitled cause came on to be heard before me at Charleston on April 14, 1924, upon motion of defendant, duly noticed, to be allowed to withdraw his plea of "guilty" theretofore interposed to the indictment herein upon the following grounds:

"(1) That the defendant was misled, deceived, and taken by surprise in entering his plea of guilty and in the sentence thereon.

"(2) That the defendant has a valid defense to the charges in the indictment if he be permitted to withdraw his plea and meet the charges on their merits before a Court and jury."

From the showing made before us, it appears that the defendant, having been indicted for certain alleged violations of the banking laws of this state, appeared in the Court of Sessions for Charleston County on November 26, 1923, duly represented by counsel, and entered his plea of "guilty" to two counts of the indictment, which plea was regularly signed by the defendant and supplemented by a prepared statement admitting his guilt; that, thereupon, the presiding Judge entered the following sentence and judgment against him:

"The sentence of the Court is that the defendant, H. Lee Harvey, be imprisoned at hard labor on the public works of Charleston County for a period of two years or for a like period in the state penitentiary and to pay a fine of $5,000."

It likewise appears that immediately after the imposition of such sentence, the following colloquy occurred between the defendant's attorney, Mr. Grimball and the Court:.

Mr. Grimball: Did I understand your Honor to say 'or' or 'and'?

"The Court: 'And' "—

followed by a formal motion for leave to withdraw the plea:

"Your Honor, I am placed in an exceedingly embarrassing position. At this term of Court Mr. Peters, another director of this bank, pleaded guilty to eleven counts of an indictment charging the violation of this same law. Your Honor allowed him to pay a fine of $750.

"Realizing that my client was guilty of a technical violation of this law, without any intent on his part to violate it, and taking into consideration the sentence in Mr. Peters' case I took upon myself the responsibility of advising Mr. Harvey to plead guilty to the two counts in his indictment of which he was technically guilty, as I believed the sentence would be the same as that of Mr. Peters.

"Acting on my advice, Mr. Harvey has pleaded guilty to the two counts, and, to my tremendous surprise, he has been sentenced to serve at hard labor for two years and to pay a fine of $5,000, which money he hasn't got.

"On the grounds that I have been taken by surprise, and also that I really do not think that your Honor understands the facts of this case, I appeal to you, as an officer of this Court, to allow my client to withdraw his plea of guilty."

The presiding Judge refused to permit a withdrawal of such plea, but reduced the sentence to imprisonment for one year and the payment of a fine of $5,000.

It will be observed that it was not then, nor is it now, contended that defendant did not understand the nature of his plea, or that the indictment fails to charge an offense or that the defendant or his attorney, was not fully

informed, at the time of the entering of such plea, of the facts upon which he now relies as a defense.

Upon appeal to the Supreme Court, the defendant, represented by entirely different counsel, asked leave to move in the trial Court for an amendment of the record, whereupon the following *per curiam* order was filed by the appellate Court:

"*The State v. H. Lee Harvey. Per Curiam* Order. On motion of counsel for defendant-appellant.it is ordered, that the appeal in this cause be suspended until Monday, May 12, 1924, and that, in the meantime, the defendant-appellant be, and is hereby, granted leave to make such motion in the Circuit Court as he may be advised. This Court does not here undertake to determine the validity of any proceedings which may be had in the Circuit Court pursuant to this order, and with respect to the validity of such proceedings, all rights of the state are hereby reserved. [Signed] R. C. Watts, Senior Associate Justice, Presiding. February 14, 1924."

Arguments for and against the granting of the motion were ably advanced before me by Mr. Sapp for the defendant, and by the solictior on behalf of the state, and the Court is much indebted to counsel for an ingenious and skillful presentation of the principles involved.

While the question presented is one of novel impression in this state, there can be no doubt of the authority of the Court, in a proper case, and upon a sufficient showing, to vacate a judgment entered upon a plea of "guilty," and to permit a withdrawal of such plea. 16 C. J., 397 *et seq.* It is equally clear, however, that the right should be exercised judiciously and with an eye single to the promotion of justice, not alone to the defendant, but to the commonwealth as well. Certainly, it should not be made use of solely because of defendant's surprise at the severity of the sentence imposed, in the absence of some showing that the plea was induced by fraud, misrepresentation, or

other unfair or undue means on the part of the prosecuting attorney or the presiding Judge, nor unless the defendant, upon the hearing of the motion for leave to withdraw his plea, makes a *prima facie* showing of some probable defense to the charges against him.

In the case at bar, there is no contention whatsoever of any conduct upon the part of the solicitor or the presiding Judge that would warrant me in granting the motion upon the first ground thereof. On the contrary, I am convinced, after an earnest and careful consideration of the record before me, that the sole purpose of the defendant is to escape the service of a sentence that came as a surprise to him and to his counsel.

The second ground of the motion is predicated upon the contention that the defendant was not, in fact, or in law, a director of the Enterprise Bank, and therefore could not be guilty of the charges preferred against him. It appears that the defendant was elected as a director of said bank in 1918, and that he attended, and participated as a director in, numerous meetings of the board of directors thereof during the years 1918 to 1921, inclusive. The defendant's own statement to the Court, when he entered his plea, is that his brother, the president of the bank, requested him to serve as a director thereof, placing 10 shares of stock in his name in order to render him eligible therefor, that he took some part at least in the making of loans by the bank; and that, when another party acquired sufficient amount of stock to become a director in the institution in question, he "resigned as director." Under such circumstances, there can be no question that the defendant was at least a *de facto* director of the Enterprise Bank during the period when the alleged unlawful loans were made to him and to the corporation of which he was president. It is now contended by him, however, that, even if he were a *de facto* director, he could not be guilty of the violations of law of which he is ac-

cused, on the theory that the statutes apply only to a director *de jure.*

In the light most favorable to defendant, therefore, the second ground of the motion presents a question of law, rather than one of fact, and, if his sole defense be founded upon an issue of law, it is proper for this Court to pass upon the same, since, if it be not well taken, his entire defense fails.

There can be no doubt in my mind that the statutes in question apply to directors *de facto* as well as to directors *de jure,* otherwise the very intent and purpose of the law might be circumvented by every banking institution in the state by the simple expedient of creating directors *de facto.* I am of the opinion, therefore, that the defendant has failed to show any probable ground of defense to the indictment to which he has heretofore entered his plea of "guilty," and that he has likewise presented no facts sufficient to call for the exercise of the Court's discretion in his favor.

It is therefore ordered that the motion to withdraw the defendant's plea of "guilty" be, and the same is hereby refused.

It is further ordered that the affidavits filed with this Court, on which this motion to withdraw the defendant's plea of "guilty" has been made, and the statement of the solicitor to the effect that the minute book of the Enterprise Bank shows that H. Lee Harvey was elected a director of the Enterprise Bank on the 6th day of February, 1918, and served continuously, as such director, attending practically every meeting of the board of directors until December 29, 1921, be incorporated in the record as an amendment to the case now on file in the Supreme Court.

*Messrs. Whaley, Barnwell & Grimball* and *Claud N. Sapp,* for appellant, cite: *Defendant should have been allowed to withdraws his plea of guilty:* 8 R. C. L., 111; 20 A. L. R., 1450; 24 Ill., 456.; 108 S. C., 295; 47 Sou., 487; 182 Pac., 855; 8 Ann. Cas., 237. *Defendant could have shown that*

*he was not a director which was a good defense:* 99 S. C.,. 74; 79 S. C., 1; Vol. 3, Code, 1922, Sec. 4320. *Where defendant indicates that he is not guilty Court should refuse to accept plea of guilty:* 224 Ill., 456; 46 Mont., 470; 8 Ann. Cas., 235.

*Mr. James Allan, Solicitor* for the State, cites: *Sentence was in conformity with Sec. 127, Vol. 1, Code, 1922:* 86 S. C., 367; 46 S. E., 769; 70 S. E., 811; 16 C. J., 399; 35 Pac., 209. *When party pleading guilty may withdraw plea:* 88 Am. Dec., 593; 62 S. E., 688. *Fact that defendant had not gotten his stock certificate did not prevent him from being legal director:* 3 Strob. L., 144; 14 C. J., 79; Sec. 2015; 29 Cyc., 1394.

May 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from the refusal of his Honor to allow the defendant, H. Lee Harvey, to withdraw his plea of guilty. The defendant was indicted for violation of banking laws and pleaded guilty to the first and fourth counts of the indictment. He was sentenced by Judge Bowman. He appealed, and pending his appeal the appeal was suspended to allow him to make a motion before the Circuit Court to withdraw his plea of guilty theretofore made. That motion was made before Judge Johnson, on the grounds:

"(1) That the defendant was misled, deceived, and taken by surprise in entering his plea of guilty and in the sentence thereon.

"(2) That the defendant has a valid defense to the charges in the indictment if he should be permitted to withdraw his plea and meet the charges on their merits before a Court and jury."

The Solicitor was also notified that—

"The above motion and grounds will be based upon the

record heretofore made and now on file in the Supreme Court, and upon the additional affidavits hereto attached and made a part of this record."

Upon hearing the motion, Judge Johnson passed the order incorporated in the case by which he refused the motion and from which this appeal is taken. As to what took place when the defendant pleaded guilty before Judge Bowman and was sentenced by him is fully recited in Judge Johnson's order refusing the motion, and his order will be reported.

Judge Bowman did not understand the facts of the case and called for information before passing sentence, as he had a right to do; but that information should have been obtained in open Court or in the presence of the defendant or his counsel.

1   Judge Bowman was in error in carrying the Solicitor and Haas into his room and discussing the case with them, in the absence of the defendant or his counsel.

2   Where the liberty of a defendant is concerned and he is to be sentenced by the Judge, he has a right that everything appertaining to the case, in the way of evidence affecting the case, be open and above board and public, as under the rules of Court, when a party pleads guilty to an indictment, he can only introduce affidavits in mitigation of sentence; for this reason alone the sentence of Judge Bowman should be set aside, and we could remand the case for a resentence, and the Judge, who should pass it, could familiarize himself with the facts by inquiry in the presence of the accused or his counsel. But immediately after Judge Bowman had passed sentence upon the defendant the following occurred in Court:

"The Solicitor then announced that the next case to be taken up would be the case of *State v. Wilson G. Harvey.*"

This was the indictment charging Wilson G. Harvey with a violation of Section 258, the same section to which

Peters and H. Lee Harvey had pleaded guilty. Counsel for defendant Wilson G. Harvey then made a motion for a continuance on the grounds that because of the failure of five banks in Charleston recently, the mind of the public was saturated with a spirit of vengeance against all bank officers, and that his client could not at this time obtain a fair trial. After argument by the Solicitor against the motion:

"The Court: I think the motion should be granted. I don't think he could get a fair trial at this time. The mind of the public is saturated against bank officers. Sentiment rules the world. The motion is granted."

While the right of the defendant to withdraw his plea of guilty is a matter within the discretion of the Court, we think in this case that the ends of justice would be best subserved by permitting the defendant to withdraw his plea of guilty.

The defendant, acting under the advice of counsel, pleaded guilty. He evidently has some defense, as his statement read to the Court shows. At the time he entered his plea of guilty, Judge Bowman, when his attention was called to his statement, said:

"I care nothing for that statement read by him. That statement was prepared for a purpose."

We think that ordinarily a party who pleads guilty to an indictment should not be allowed to withdraw his plea of guilty, after sentence, or that it should rest in the discretion of the Judge as to whether the Court should allow it or not; yet in this case, under all of the facts and circumstances as made by the record, we think that the remarks of his Honor in continuing the Wilson Harvey case shows that H. Lee Harvey could not hope at that time to obtain a fair trial before a jury, and actuated by that, and under advice of counsel, he pleaded guilty.

We think the ends of justice would be best met by allowing him to withdraw his plea of guilty and enter a plea of not guilty.

The other exceptions are not considered, as under the whole case as made by the record the ends of justice would be promoted by reversing Judge Johnson's order and remanding the case, allowing the defendant to withdraw his plea of guilty made before Judge Bowman, and to plead not guilty to the indictment.

The judgment is reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.