### 12110

#### STATE v. RICKENBACKER

#### (135 S. E., 651)

1. Criminal Law—Trial Judge Did Not Err in Requiring Defendant to be Brought to Court after Filling Physician's Certificate, in View of Circumstances.—Circuit Judge *held* not to have erred in requiring defendant to be brought to court for trial, after filling of certificate by physician that defendant was confined to his bed by illness and that he had advised defendant to stay in bed, in view of circumstances showing defendant was able to make plea for mercy of court after pleading guilty, and in view of indefiniteness of certificate by physician.

2. Criminal Law—Trial Judge Did Not Err in Permitting Statement by Person in Court to Aid Him in Passing Sentence after Plea of Guilty.—Trial judge *held* to have properly permitted statement by person in court to aid him in passing sentence after plea of guilty, without having person sworn or giving defendant opportunity for cross-examination.

3. CRIMINAL LAW—TRIAL JUDGE, IN PASSING SENTENCE, MAY SECURE INFORMATION IN OPEN COURT IN DEFENDANT'S PRESENCE (CONST. ART. I, § 18).—Trial judge, in passing sentence, may secure information in open court in presence of defendant without violating defendant's rights, under Const. Art. 1, § 18.

4. INTOXICATING LIQUORS—SENTENCE OF ONE YEAR ON PUBLIC WORKS OR IN STATE PENITENTIARY FOR POSSESSING AND STORING LIQUOR HELD NOT ABUSE OF DISCRETION.—Sentence of one year on public works or in penitentiary for possessing and storing alcoholic liquors *held* not abuse of discretion, although defendant had already paid fine on same charge to federal government.

Before MANN, J., Calhoun, May, 1926. Affirmed.

C. H. Rickenbacker was convicted of possessing and storing alcoholic liquors, and he appeals.

*Mr. D. S. Murph* and *J. C. Hiott,* for appellant, cite: *Defendant entitled to continuance on uncontradicted statement of physician as to defendant's sickness:* 131 Ky., 680; 115 S. W., 797. *Conduct of hearing by Court respecting accused after plea of guilty to be open, and statements to be under oath:* 131 S. C., 422; 127 S. E., 840; 129 S. C., 447; 123 S. E., 201; Const. 1895, Art. I, Sec. 18.

*Mr. A. J. Hydrick, Solicitor,* for respondent.

November 26, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant was indicted in the Court of General Sessions for Calhoun County, by the grand jury of said county, on a charge of having violated the prohibition law by having in his possession and storing alcoholic liquors.

The defendant was arrested on March 13, 1926. The grand jury returned an indictment Monday, the first day of the May term of the Court thereafter. On Tuesday the defendant was called for trial and failed to answer in person or by attorney. A certificate from a practicing physician was handed the presiding Judge, in the following language:

"This is to certify that Mr. C. H. Rickenbaker is confined

to his bed by illness.  I have visited him this morning and advised him to stay in bed."

There was no formal motion for a continuance, but we presume the defendant intended the certificate of the physician to be his motion therefor.  The Judge ordered that a bench warrant be issued for the defendant.  It is stated in the record that the defendant was found in his field, superintending his laborers, by the deputies who were sent for him.  Soon after being brought into the Court, the accused was called for trial.  There was no request for continuance. The defendant announced that he would plead guilty, and upon his arraignment he so pleaded.

After the plea of guilty had been published, the presiding Judge inquired if the defendant desired to make any statement before sentence was passed.  The defendant stated that he had had in his possession a small amount of whiskey for his personal use; that he had been arrested by the Federal authorities for having this whiskey, had entered a plea of guilty in the Federal Court, and had paid a fine of $300.00 there placed upon him; that this was his first offense, and he asked for the mercy of the Court.

After these statements made by the defendant, Judge Mann asked if there was any person in Court who would like to say anything for or against the defendant.  Thereupon, Mr. W. B. Hildebrand, a citizen of Calhoun County, made, in substance, the following unsworn statement:

"That defendant's farm adjoined his; that he had information that defendant was making liquor on his premises; that his farm labor would get drunk or sick off his beer, and he was being thereby hindered in his farm work.  That some time last fall he went to the defendant and requested him to stop making whiskey and told him about his hands getting drunk, etc.  Defendant replied, telling him, among other things, that he, defendant, sold whiskey to the best people from St. George to Greenville, and that if he [Hildebrand] took a stand against him for making and selling

whiskey that he would not have friends enough to bury him. That he also told him that he was not going to quit making whiskey. Mr. Hildebrand stated to the Court that, inasmuch as the defendant said he did not intend to quit making whiskey, he would like to ask the Court to give him such sentence as, in the opinion of the Court, would make him stop. Mr. Hildebrand also stated that he was present when the search was made and assisted the officers in making the search of Rickenbaker's premises; that there was found in his bathroom a five-gallon jug with two gallons of whiskey in it, and a tin funnel on the table by the jug, and a number of fruit jars in and around the bath tub that had the smell of whiskey in them, and in a small corn house near the dwelling, 18 two-quart fruit jars full of whiskey."

No further statement was made in the Court by the defendant or any other person. The defendant was then sentenced to serve one year on the public works of Calhoun County, or a like period in the State penitentiary, at such labor as he was able to perform; the sentence to begin on May 31, 1926.

The record shows that, at the same term of the Court, several sentences for violation of the prohibition law were imposed by the presiding Judge, the heaviest being one wherein a defendant was sentenced to serve six months' imprisonment, or to pay a fine of $250.00.

We judge from the record that there was no motion on the part of the defendant for a new trial, or any request that he be allowed to withdraw his plea of guilty. The appeal to this Court makes three exceptions, which will be stated as they are disposed of.

The first exception charges error because the Court forced the defendant to go to trial, or to plead guilty, when he was ill and unable to go in Court, in the face of the certificate of the physician, and requiring the defendant to be brought to Court while he was under the care of a physician.

The record does not show that the defendant was "forced" to plead guilty. When he was arraigned, it was his privilege to plead guilty or not guilty. The defendant, when arraigned, did not ask for a continuance and did not inform the Court that he was too ill to be tried. The fact that he was able to make a statement in the nature of a plea for the mercy of the Court is convincing that he was also able to ask for a continuance, or to have informed the Court that he was too ill to be present. In his statement requesting mercy he made no reference to his illness. The certificate of the physician was very indefinite. It did not give the cause of the illness, or state that the defendant was sick enough to be in bed, or that he would not be able to be in Court in a day or two. The fact that the defendant was to be tried may have caused him to feel bad. Since the defendant did not follow his physician's directions, "to stay in bed," he must not have thought himself very ill.

We not only think there was no error on the part of the Circuit Court, as alleged in this exception, but, under the circumstances, we think he is to be commended for exposing the bald effort on the part of the defendant to treat the Court and the case against him with little respect.

The second exception complains that Judge Mann erred in taking the statement of Mr. Hildebrand without having him sworn, and without giving the defendant an opportunity to cross-examine him, when these statements were highly prejudicial to the defendant and were of such nature to greatly influence the presiding Judge in the sentence he imposed, and because the statement charged the defendant with greater and different crimes than the one for which he was indicted. The defendant relies upon two cases recently decided by this Court to sustain the grounds taken in this position. *State v. Harvey,* 128 S. C., 447; 123 S. E., 201, and *State v. Simms,* 131 S. C., 422; 127 S. E., 840.

The *Harvey case* held that it was improper for the Circuit Judge to carry the Solicitor and another person inter-

ested in the prosecution into his room and privately discuss the case against the defendant in the absence of the defendant or his counsel. Mr. Justice Watts, speaking for the Court in that case, said:

"Where the liberty of a defendant is concerned and he is to be sentenced by the Judge, he has a right that everything appertaining to the case, in the way of evidence affecting the case, be open and above board and public."

For the reason mentioned, it was held that the sentence imposed should be set aside. The defendant was allowed to withdraw his plea of guilty, and a new trial was ordered but on another ground.

In the *Simms case,* the sentence was set aside, but no new trial was ordered because the Circuit Judge frankly stated, in passing sentence, that he had permitted people to come to his office and make statements unfavorable to the defendant. That case was decided upon the authority of *State v. Harvey.*

Both the *Harvey* and *Simms cases* hold that it is a violation of a defendant's rights, under Section 18 of Article 1 of the Constitution, for the Court, in determining sentences, to consider information concerning defendant received in chambers, in the absence of defendant or his counsel. It has not been held that the Judge may not secure information in open Court in the presence of the defendant.

The matter of imposition of sentences in prohibition cases is left very much to the discretion of the trial Judge, as we think it should be. We think the Judge should try to get in open Court, in the presence of the defendant, information about the case and other proper facts to help him to intelligently pass a proper sentence. Some citizen who has never sold or manufactured alcoholic liquors might be guilty of having a small amount of whiskey in his possession. A professional bootlegger might be found guilty, or plead guilty, under similar circumstances. If the Circuit Judge is not

allowed discretion in these matters, the man who has whis-
key only for his personal use, even in cases of illness, will
have to undergo the same punishment as one who plies the
trade of bootlegger. . Too, if the Circuit Judge cannot se-
cure information in these cases, an old offender can escape
with a light sentence, usually imposed upon one for the first
offense.

We do not think the action of the Circuit Judge here
was in conflict with the cases cited by the appellant,
and we approve his efforts made in open Court to
secure proper information, both in favor of and against
the defendant to enable him to determine a just sentence to
be imposed.

The third exception alleges that the Circuit Judge abused
his discretion in passing sentence of one year upon the de-
fendant without the alternative of a fine, since the defend-
ant had already paid a fine in Federal government, and for
the reason that the sentence imposed was more severe than
that usually given for like offenses, under the same circum-
stances, by the same Judge and other Circuit Judges.

While it does appear hard, in many instances, that a man
should be tried in two separate Courts for the same offense,
this course is permissible under the law. We are glad to say
that the Judges of this State, as well as the Judges of the
Courts of the United States who preside in South Carolina,
generally take into consideration the fact that a defendant
has already been tried in another Court. These matters have
to be left very much to the discretion of our Judges. Under
the facts here, we cannot hold that there was an abuse of the
discretion allowed by the law.

The judgment of this Court is that all the exceptions be
overruled, and that the judgment of the lower Court be and
the same is hereby affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER and
MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.