## 15262

### STATE v. HARDEE ET AL.

(14 S. E. (2d), 698)

*Mr. E. S. C. Baker,* of Conway, for appellant, 

*Mr. J. Reuben Long, Solicitor* for the State, respondent.

May 16, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Baker.

At the March, 1939, term of the Court of General Sessions for Horry County, the appellant, J. C. Hardee, with eight other defendants, was indicted by a grand jury of said county upon two counts, (1) grand larceny and (2) receiving stolen goods, at the time knowing them to be stolen, the goods in question being railroad scrap iron owned by the

Veneer Manufacturing Company, a corporation. One of the defendants, Leo Chestnut, was tried and acquitted by a jury; the appellant and the defendant, T. W. Herring, entered pleas of guilty to the first count, grand larceny, all other defendants pleading guilty to the second count. Those pleading guilty to the second count, receiving stolen goods, were given suspended sentences; Herring was sentenced to confinement at hard labor for three months, and appellant was sentenced to confinement at hard labor for one year, neither sentence being suspended.

Notice of intention to appeal was given by appellant but this appeal was not perfected and was dismissed. However, upon notice duly given to the Solicitor, appellant moved in open Court before Honorable J. Strom Thurmond, presiding Judge, at the fall 1939, term of the Court of General Sessions for Horry County, for an order permitting him to withdraw his plea of guilty, and failing in which, for an order setting aside the sentence and permitting him to be resentenced and to submit affidavits in mitigation of his sentence. Pending the hearing of the motion to permit appellant to withdraw his plea of guilty, and a final adjudication thereon, under a proper order of the Court, execution of the sentence which had been imposed was deferred.

The affidavits set forth that so much unfavorable publicity was given to the case by reason of newspaper publications and by way of conversation and comment by the law enforcement officers of Horry County (and the wholesale plea of guilty of six co-defendants to the second count in the indictment upon the understanding they would receive suspended sentences), that it was practically impossible to obtain a fair and impartial trial; and, hence, notwithstanding the fact that appellant was not guilty of either count in the indictment he entered a plea of guilty to the first count, grand larceny, being definitely under the impression he was pleading guilty to the second count, receiving stolen goods, and would receive a suspended sentence. Appellant further states he would not have entered a plea of guilty to either count

had he known such a plea was an admission of larceny, or knowledge of larceny of the scrap iron.

Having given the reason for the entry of the plea, appellant then presents his defense to show his innocence. Briefly, these affidavits, which are uncontradicted, show that appellant, a young man, twenty-six years of age, born and reared in Horry County, enjoyed a good reputation for honesty and fair dealing, and is engaged in the business of buying and selling scrap iron. Appellant purchased the iron in question from T. W. Herring, who claimed to be the owner thereof, and sold one-half of the purchase before learning the scrap iron belonged to the Veneer Manufacturing Company; and receiving knowledge of this, appellant immediately delivered the remainder of the scrap iron to its true owner. The statements contained in the affidavits are herein reduced to a skeleton outline, and we think, coming before us without contradiction, constitute a good defense.

Judge Thurmond, who heard the motion, but who was not the presiding Judge at the term of Court at which appellant was sentenced, refused to grant the relief prayed for, holding that appellant, "Hardee, could not possibly have been deceived at the time he entered a plea of guilty; that he was represented by able counsel (not the counsel prosecuting this appeal) and there could have possibly been no misapprehension on his part." Such conclusion was reached after the learned trial Judge, upon the hearing of the motion, had heard oral statements of Honorable E. J. Sherwood who had represented the defendant, T. W. Herring; of Honorable J. Reuben Long, the Solicitor, who had turned over the prosecution of the case to Honorable G. Lloyd Ford, the employed counsel of the prosecutor and knew nothing of the issue then before the Court; of Mr. Ford, and of Honorable F. A. Thompson, counsel for appellant at the time he entered his plea of guilty.

The record does not disclose what these gentlemen stated other than that which is contained in the order of Judge Thurmond. The statements of Mr. Sherwood and of Mr.

Ford throw no light upon the present issue, unless it be said that all reference to the charges in the indictment were spoken of as "Counts 1 and 2," rather than as larceny and receiving stolen goods at the time knowing them to be stolen.

The statement of Honorable F. A. Thompson, an able lawyer, to the effect that he had attended the preliminary hearing, had gone over the facts fully with the defendant and with defendant's father, and after due consideration it was understood and agreed between all of them that the defendant would enter a plea of guilty upon the first count of the indictment, the correctness of which was admitted by appellant, has given us considerable concern. But again, we call attention to the fact that the charges in the indictment are referred to by count number, and we can understand how the defendant-appellant, a young man with no experience in Court, could have become confused and thought he was pleading guilty to the substantive fact that he had received stolen property, this being an established fact, but not within itself being a crime unless he knew at the time it was received that the property was stolen. He vehemently denies that he knew the property was stolen, and his action in reference to procuring possession of the scrap iron which he had purchased from his co-defendant, T. W. Herring, belies any guilty knowledge that Herring did not have the right to sell him the scrap, other than procuring the scrap iron in the nighttime, and this latter circumstance is not only fully explained, but certain facts in connection therewith furnish evidence indicative of appellant's innocence. For instance, appellant could procure the use of a blow torch only at night, and it was necessary that a blow torch be used to cut the scrap iron in such pieces that it could be handled and hauled by truck. Appellant made no secret as to where he was procuring the iron, but openly and within a short distance of the place of business of the actual owner of the iron, as it afterwards developed, employed a citizen of that community to cut with the blow torch owned by the person for whom this citizen worked, the iron involved. He was bound to know that if

Herring did not have the right to sell him the iron, that the owner could by slight inquiry trace it to him. And when he learned that Herring did not have the right to sell him the iron, which was after his arrest, he promptly made restitution of so much of the iron as was within his power. Any suspicious action on his part, circumstantial or otherwise. was explained, and he acted in accordance with the good reputation he had theretofore borne in the community in which he was born and reared.

The gravity of the crime to which this young man pleaded guilty (through misunderstanding, misconception and lack of appreciation of the true import thereof, according to his statement) has its weight with us, especially when he has heretofore borne an excellent reputation, and when if his plea of guilty stands, he will throughout the remainder of his life be known as a self-confessed thief. If there be any reasonable doubt as to his misconception of the crime to which he was pleading guilty, he should have the advantage thereof. There is no showing that all witnesses who could have been used against appellant had he regularly gone to trial in March, 1939, cannot now be had, and therefore, other than the expense attached thereto, the State will not be injured by the granting of the motion under consideration. On the other hand, the life of a young man may be blighted and ruined.

The leading case in this State upon the issue at hand is *State v. Harvey,* 128 S. C., 447, 455, 123 S. E., 201, 203, in which the facts correspond in their legal significance with this case. In the *Harvey case* the appellant was permitted to withdraw his plea of guilty and enter a plea of not guilty, the allowance best meeting the "ends of justice." The conclusion of the Court in the *Harvey case* is found in the following language:

"While the right of the defendant to withdraw his plea of guilty is a matter within the discretion of the court, we think in this case that the ends of justice would be best subserved by permitting the defendant to withdraw his plea of guilty.

"The defendant, acting under the advice of counsel, pleaded guilty. He evidently has some defense, as his statement read to the court shows.   *   *   *

"We think that ordinarily a party who pleads guilty to an indictment should not be allowed to withdraw his plea of guilty, after sentence, or that it should rest in the discretion of the judge as to whether the court should allow it or not; yet in this case, under all of the facts and circumstances as made by the record, we think that the remarks of his Honor in continuing the *Wilson Harvey case* shows that H. Lee Harvey could not hope at that time to obtain a fair trial before a jury, and actuated by that, and under advice of counsel, he pleaded guilty."

In the *Harvey case,* the identical motion was made as was made in this case. That is, the defendant-appellant moved to be allowed to withdraw his plea of guilty, upon which he had been sentenced; and failing in this, that the sentence which had been imposed be set aside, and that he be re-sentenced. This Court held that a sufficient showing had been made, as set out in the opinion of that case, requiring that the sentence which had been imposed be set aside, and the case remanded for a re-sentence, but independent of this, the Court then proceeded to hold, on a showing no stronger than appears in the instant case, that the defendant-appellant, Harvey, should have been allowed to withdraw his plea of guilty, and automatically this set aside the sentence which had been imposed upon him.

It should be noted that in the *Harvey case* there was no claim on the part of the defendant that he did not know that he was pleading guilty to the violation of certain statutes governing the banking laws of the State. He plead guilty because he did not think that at the term of Court at which his case was called for trial, due to the inflamed condition of the mind of the public in regard to banks, and bank officials, he could obtain a fair and impartial trial. At that term of Court a case against the defendant's brother, Wilson G. Harvey, was continued by the trial Judge, who in granting such

continuance, stated as his reason therefor: "I don't think he could get a fair trial at this time. The mind of the public is saturated against bank officers. Sentiment rules the world."

It is the opinion of Honorable T. S. Sease, Acting Associate Justice, and the writer hereof, that if the *Harvey case* is to be considered as a precedent, then the Court would be justified in holding that in the case at bar, the ends of justice would be best subserved by permitting the appellant to withdraw his plea of guilty heretofore entered.

However, a majority of the Court is of a contrary opinion. It is their opinion that the record fails to establish that the appellant was misled, deceived or taken by surprise in entering his plea of guilty; that there is nothing to show that the appellant was lacking in intelligence, or that he was overreached in any way; and nothing which tends to show that any unusual public feeling had been aroused which would militate against appellant getting a fair trial; that it is well nigh inconceivable that so many of the defendants who were indicted along with appellant would have pleaded guilty if in truth and in fact they were innocent.

Further, it is the opinion of a majority of the Court that if under the facts of this case a plea of guilty may be withdrawn, then in practically every similar case where the question is raised, the Court would be embarrassed by a most mischievous precedent; and, that such portion of the Harvey decision as permitted Harvey to withdraw his plea of guilty is unsound and constitutes a precedent which cannot safely be followed.

The order appealed from is, therefore, affirmed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE. and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.

MR. JUSTICE STUKES concurs in result.