16557

STATE v. GREEN
(67 S. E. (2d) 509)

316

*Mr. George W. Keels,* of Florence, *for Appellant,* ▓

*Messrs. J. Reuben Long, Solicitor, and Frank A. Thompson,* of Conway, *for Respondent,* ▓

November 7, 1951.

Fishburne, Justice.

The appellant, Oscar Green, was tried for murder. He was convicted of manslaughter, and his sentence was fixed at fifteen years imprisonment in the state penitentiary. From this judgment he appeals. The appeal is based upon the action of the trial judge following the rendition of the verdict in requesting the jury to return to the jury room and make a recommendation as to the quantum of punishment.

Immediately after the verdict of guilty was published, the presiding judge made this statement to the jury: "Gentlemen, while you have no control over the sentence in this case—it is in the discretion of the court, from two to 30 years; and while ordinarily I don't bother the jury to make any recommendation and whatever you do in this case would be a mere recommendation because I can disregard it, but I am going to ask you to go back into the room and make a recommendation to me as to the sentence that you would propose in this case. As I say, I don't have to follow it. I don't tell you I will. But I would like to have the benefit of your recommendation and this is the first time I have ever done that, too. Go back in the room and make me a recommendation, write me down a recommendation on this yellow sheet I am going to pass to you. Keep in mind, gentlemen, the sentence can be from two to 30 years. I would like to have your idea."

The jury then returned to their room, and shortly thereafter came out with their recommendation written on a yellow sheet of paper,—that the appellant should be sentenced to fifteen years imprisonment. Upon receipt of the recommendation, the court addressed the prisoner and imposed sentence as follows: "The jury has recommended that you be given 15 years and while that is not binding on me, I so told them at the time, I didn't mislead them, I am going to follow their recommendation. The sentence should be imprisonment at hard labor in the State Penitentiary for a period of 15 years."

It is urged as error that the discretion of the jury as to the quantum of punishment imposed was substituted for the

discretion of the court; and appellant argues that the case should be remanded to the General Sessions Court of Horry County for sentence to be imposed in accordance with law.

Section 1107 of the 1942 Code prescribes that the punishment for manslaughter shall not exceed thirty years nor be less than two years imprisonment at hard labor in the penitentiary. The foregoing provision necessarily implies that the trial judge is to exercise discretion in imposing sentence within the limitation fixed by the statute.

In the absence of statute, a majority of the American cases, including our own, lay down the principle that where the court must determine the punishment to be imposed, either on the finding of the jury or on a plea of guilty, it is correct practice to hear evidence, by affidavit or otherwise, in aggravation or mitigation as the case may be. Annotation, 77 A. L. R. 1211.

We have held that with the view of fixing the sentence to be imposed upon a defendant, it is proper for the trial judge, in open court, in the presence of the defendant, to inquire into any relevant facts in aggravation or mitigation of punishment. *State v. Bodie,* 213 S. C. 325, 49 S. E. (2d) 575; *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449; *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730; *State v. Reeder,* 79 S. C. 139, 60 S. E. 434, 14 Ann. Cas. 968. And see to the same effect *State v. Rickenbaker,* 138 S. C. 24, 135 S. E. 651.

The court said in *State v. Rickenbaker,* 138 S. C. 24, 135 S. E. 651, 652: "We think the judge should try to get, in open court, in the presence of the defendant, information about the case and other proper facts to help him to intelligently pass a proper sentence."

In *State v. Reeder,* 79 S. C. 139, 60 S. E. 434, 435, 14 Ann. Cas. 968, when the prisoner was called for sentence, the presiding judge permitted the solicitor to read two affidavits tending greatly to aggravate the crime of manslaughter, for which the defendant was convicted. The court held that it was not error to admit the affidavits, saying that by statute

the trial judge was given discretion in imposing sentence, and "any reasonable means by which his mind can be enlightened should not be prohibited." The court went on to say: "The circuit judge merely permitted himself to be informed as to the character of the accused and the circumstances of the crime, so that he might be able to exercise his discretion intelligently and pronounce a just sentence—a privilege of his in the exercise of which he doubtless should use the utmost caution."

After a diligent search, we have been unable to find any case in our reports where the court following a verdict of guilty has requested the trial jury to retire to their room and return with a recommendation as to the degree of punishment. Nor have we been able to find a similar case from any other jurisdiction. See Annotations, 17 A. L. R. 1117, 87 A. L. R. 1367, 138 A. L. R. 1230. All of the cases hereinabove cited authorize the court, before imposing sentence, to hear evidence with reference to any relevant facts in aggravation or mitigation of punishment, in open court, and in the presence of the defendant. But a different situation is presented when the trial jury, after a verdict of guilty, retires to the privacy of the jury room, upon the direction of the court, for the purpose of discussing among themselves the quantum of punishment. We have no statute in this state authorizing this procedure.

The jury, when the verdict was rendered in open court, had discharged their full duty under oath, and had no other connection with the case. This recommendation standing alone was ineffective, under our decisions, to inform the court as to the character of the accused, the circumstances of the crime, or any facts which would assist him in passing a just sentence. The jury had nothing to do with the question of punishment, but only with that of guilt. The court alone has the power and discretion to fix the punishment, and in our opinion the jury cannot infringe on this prerogative by any recommendation, in the absence of statute,—either on its own initiative or by invitation of the court.

While we have no doubt that the course pursued by the trial judge was prompted by the best motives, and was designed for the purpose of aiding him in determining the punishment to be imposed, yet we feel bound to regard it as a highly irregular if not a dangerous innovation upon well settled legal principles. But without pursuing this line of discussion, it is quite sufficient for us to say that it is without authority of law. Such a practice, once recognized, might well afford a precedent which could lead to habitual participation by the trial jury in the fixing of the sentence to be imposed.

In some jurisdictions it is provided by law, that where the jury find a defendant guilty of certain offenses, they must fix the punishment. But, as already stated, we have no such statute in this state. As stated in 53 Am. Jur., Sec. 1061, Page 734:

"Generally speaking, statutes authorizing juries in criminal actions to recommend the defendant to the mercy of the court or to recommend the punishment to be imposed are of two types. Some in effect declare the recommendation to be binding upon the court, so that its effect is to reduce the punishment, while others, although empowering the jury to make a recommendation, leave the quantum of punishment solely to the court's discretion. Some statutes relate to specific crimes, while others authorize recommendations to mercy in all criminal trials.

"In the absence of statute, it is the prevailing rule that the jury have no right or authority to accompany a verdict of guilty with a recommendation of punishment or to mercy, their province being solely to determine the guilt or innocence of the accused. * * *"

Although it is a prevailing rule that a jury has no right or authority to accompany a verdict of guilty with a recommendation to mercy, unless so authorized by statute,—their province being simply to determine the guilt or innocence of the accused,—we have in South

Carolina from the earliest times sanctioned the practice of recommending the defendant to mercy, even without the benefit of statute. Annotation, 17 A. L. R. 117, 1156. A recommendation of mercy, however, with us, constitutes as a rule no part of the verdict. *State v. Bennett,* 40 S. C. 308, 18 S. E. 886; it is regarded merely as advisory, and, of course, such recommendation, if made, accompanies the verdict and is not rendered later by permission or suggestion of the court. *State v. Frink,* 1 Bay 168, 1 S. C. Law 168; *State v. Gill,* 14 S. C. 410; *State v. Jones,* 74 S. C. 456, 54 S. E. 1017.

Although the facts are different, there is some similarity in the present case and the case of *State v. Dawkins,* 32 S. C. 17, 10 S. E. 772. It was held in the *Dawkins case* that a court is without authority to re-empanel a jury after it is discharged, for the purpose of instructing them as to their power to recommed the defendant to the mercy of the court. The court stated that a second verdict, containing such recommendation, is a nullity.

As was well said in *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273, 277: "It is perhaps unnecessary to add that only under rare and unusual circumstances will this Court interfere with the discretion of the trial judge in the imposition of a sentence. The difficult duty and the weighty responsibility of determining the sentence to be imposed on a defendant is under most of our statutes properly left, within certain limitations, to the trial judge, who is in a much better position than this Court to fix the penalty to be imposed. As well stated in *Hawkins v. United States,* 7 Cir., 14 F. (2d) 596, 598: 'There is no judicial function which makes larger drafts upon the fairness, common sense, sanity, and good judgment of the judge than that of fixing penalties for criminal offenses, nor one which more vitally affects the stability of free institutions. Excessive penalties are tyrannical in the court, and abhorrent to the public; on the other hand, penalties unduly mild seriously embarrass law enforcement and encourage infractions of the criminal laws.' "

In our opinion, the trial judge committed error in requesting the jury to return to the jury room for the purpose of making a recommendation to him as to the quantum of punishment to be imposed upon appellant.

Counsel for the state argue that the real question after all is, was the sentence of fifteen years excessive and in violation of the Constitution prohibiting cruel and unusual punishment? This is also a ground of appeal.

We have held in many cases, too numerous to cite, that the Supreme Court has no jurisdiction on appeal to correct an allegedly excessive sentence which is within limits prescribed by law for the discretion of the trial judge, and which is not the result of partiality, prejudice, oppression, or corrupt motive. See *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168. There is an entire absence in this case of any prejudice on the part of the trial judge, or any of the other elements named. But under the particular facts and circumstances, it is well nigh impossible to say that the sentence imposed was not due to the recommendation of the jury as to the amount of punishment. The trial judge stated that such recommendation was in no sense binding on him, but he must have been strongly influenced by it, because he stated to appellant when imposing sentence,—"I am going to follow their recommendation." Without such recommendation, the trial judge might have imposed a sentence of greater or less severity.

The conviction of appellant is affirmed, but the sentence is set aside; and the case is remanded to the Court of General Sessions for Horry County in order that appellant may be resentenced in accordance with the views herein expressed,—with leave to both the State and appellant to offer any circumstance in aggravation or mitigation of punishment.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.