### 6753

### STATE v. REEDER.

SENTENCE—AFFIDAVITS.—Where the punishment for crime is within the discretion of the trial judge, it is not error for him to hear affidavits after conviction in aggravation.

Before F. BARRON GRIER, special judge, Newberry, June term, 1907.   Affirmed.

Indictment against Fred Reeder for murder of Jess Coleman.   From sentence of verdict of manslaughter, defendant appeals.

*Messrs. Blease & Dominick,* for appellant, cite:   Con. Art. I, Sec. 18; 12 S. C., 89; Rule LXII, Circuit Court.

*Solicitor R. A. Cooper,* contra.

February 21, 1908.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   The defendant, Fred Reeder, was tried for murder at the June, 1907, term of Court of General Sessions for Newberry County before his Honor, F. Barron Grier, special judge, and convicted of manslaughter. Upon his being called for sentence, the presiding judge per-

mitted the solicitor to read two affidavits tending greatly to aggravate the crime. The sole question presented by the appeal is whether or not is was error to admit these affidavits.

Section 120 of the Criminal Code prescribes that the punishment for manslaughter shall not exceed thirty nor be less than two years imprisonment. This provision necessarily implies that the trial judge is to exercise a discretion in imposing sentence. Therefore, any reasonable means by which his mind can be enlightened should not be prohibited to him. Hence the question arises, was the reception of the affidavits objected to by the defendant a reasonable and proper means? That it was, we think is now well settled by the authorities. At a very early date the English courts refused to permit such procedure (*Rex* v. *Ellis,* 9 Doul. & R., 174), but in the later English practice the admission of affidavits in aggravation or mitigation seems not to have been questioned. *Rex.* v. *Bunts,* 2 T. R., 683; *Reg.* v. *Digman,* 34 E. C. L., 316; *Reg.* v. *Sutton,* 34 E. C. L., 166. The American cases lay down the principle that, where it devolves upon the Court to determine the punishment, either upon the finding or upon the plea of guilty, it is the correct practice for it to hear evidence in aggravation or mitigation, as the case may be, where there is any discretion as to the punishment. *Kistler* v. *State,* 54 Ind., 400; *People* v. *Vermilyea,* 7 Cow. (N.Y.), 108; *People* v. *Bork,* 96 N. Y., 188. It has likewise been held that evidence of the moral character of the accused is competent to guide the Court in determining the punishment to be imposed. *State* v. *Summers* (N. C.), 4 S. E., 120.

Our own case of *State* v. *Smith,* 2 Bay, 62, very clearly recognizes the rule that such affidavits are admissible. In that case the defendants offered to give in evidence to the jury a variety of extenuating circumstances. The presiding judge refused to admit them. On motion for a new trial, all of the judges present ruled that all such extenuating circumstances should be admitted to the Court on affidavits a reasonable time before sentence is pronounced.

If it is legitimate to admit affidavits of the defendant in mitigation of the crime, there is certainly no logical reason for holding that the State is debarred from submitting affidavits in aggravation. Certainly there is no ground for saying that such a course would deny to the defendant his constitutional right to be confronted by witnesses against him and to have the privilege of cross-examining them, for the reason that the verdict of the jury is not affected. Thus, in this case, the defendant would remain guilty of manslaughter in spite of the affidavits that were submitted to the presiding judge. Of course, if as a result of the affidavits presented, the trial judge should abuse his discretion and attempt to alter the verdict of the jury, then clearly he would commit error. In the case here under consideration, there was no such attempt. The Circuit Judge merely permitted himself to be informed as to the character of the accused and the circumstances of the crime, so that he might be able to exercise his discretion intelligently and pronounce a just sentence; a privilege of his in the exercise of which he doubtless should use the utmost caution.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.