13048

STATE v. JOHNSON *ET AL.*

(156 S. E., 353)

*Messrs. Epps & Cothran,* for appellants,

*Mr. Daykns B. Stover, County Solicitor,* for the State.

December 31, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

Appellants, negroes in their 'teens, were indicted and tried in Greenville County court for assault and battery with intent to kill. Convicted of assault and battery of a high and aggravated nature and each sentenced to six months' imprisonment, they prosecute this appeal.

The parties concerned are all negroes. Complainants, three in number, named Bennett, charged that, one night in August, 1929, while returning from church with others, they were attacked on the public highway by appellants and severely cut with a razor or knife by one or both of the Johnsons. The Johnsons denied that they brought on the difficulty, claiming attack by the Bennetts, as a result of which it was found necessary to dispatch them with a knife. It would seem from the evidence that there occurred a "free for all" battle of the contending factions, with the Bennetts taking a loss. The jury, however, found against the Johnsons.

All of the exceptions, save one, assign errors in the charge of the trial Court. They are nine in number, but do not raise nearly so many questions.

Exceptions I and II charge error in the instructions of the trial Court on the law of murder. As defendants were acquitted of the offense of assault and battery with intent to kill any errors, if they exist, with respect to this offense, are now immaterial and without merit. *State v. Walker,* 138 S. C., 293, 136 S. E., 215; *State v. Harrell,* 142 S. C., 24, 140 S. E., 258.

By exception V, appellants claim that the trial Court in effect charged that "one might watch the progress of a fight and be equally guilty with the principals without participation." We do not think that the language used is susceptible of that construction. The jury was plainly told that "all who are present, *aiding and abetting* are equally guilty with the principal"; and again, "If there was a difficulty and you find that one struck a blow and the other was *aiding and abetting,* then both are guilty." (Emphasis ours.) We agree that, perhaps, the illustration of one standing and watching while another entered a store to steal may not have been entirely apt. Yet, the law as declared was sound and fully applicable to the issues presented. *State v. Francis,* 152 S. C., 42, 149 S. E., 348; *State v. Hays,* 121 S.

C., 167, 113 S. E., 362; *State v. Brown,* 108 S. C., 499, 95 S. E., 61. If appellants desired fuller instructions on this point, it was their duty to request them.

The same rule applies to exception VIII, which complains of the lack of fullness in the instructions on the rule of "presumption of innocence." If appellants desired a more extended charge, it was their duty to embody their propositions in the form of requests to charge or to request, at least, a further statement. This was not done, and they cannot now complain. *State v. Wardlaw,* 153 S. C., 175, 150 S. E., 614; *State v. Francis,* 152 S. C., 17, 149 S. E., 348; *State v. Gault,* 138 S. C., 467, 136 S. E., 739; *State v. Dodenhoff,* 153 S. C., 7, 150 S. E., 315.

We have been concerned, somewhat, with the questions raised by exceptions III and IV, which complain of error in the charge of the trial Court on the law of manslaughter. On this phase of the case, the jury was instructed:

"The next offense included in this indictment is assault and battery of a high and aggravated nature which corresponds to manslaughter. Manslaughter is the killing of one in sudden heat and passion superinduced by sufficient legal provocation. It must be superinduced by sufficient legal provocation. You consider that if the party had died whether or not the defendants would be guilty of manslaughter and if you are so satisfied you will say guilty of assault and battery of a high and aggravated nature."

The failure of the trial Court to charge the law of provocation or define it in any way is assigned as error.

There is no doubt that it is the duty of the trial Court under the Constitution to declare the law governing a defendant's rights and applicable to the case, under the evidence adduced. *State v. Faulkner,* 151 S. C., 381, 149 S. E., 108. In every criminal case, it is the plain duty of the presiding Judge to give the jury a fair conception of the legal elements of the offense with which a defendant is charged. *State v. Jones,* 133 S. C., 180, 130 S. E., 747. The

defendant should not be left as appellants contend, "adrift on a sea of 'jury province' without chart or compass." On the other hand, if in spite of the absence of chart or compass, the jury arrives at the right port, the verdict should not be disturbed.

As has been so well put by the late Mr. Justice Gage for this Court:

"The law is the right of a party arising out of a state of facts. A jury ought to be instructed about what right springs out of a fact to be determined by them. The jury ought not to be left to cut a way through the woods with no compass to guide it. * * * But a judgment ought not to be reversed unless it is manifestly wrong. To revert to the metaphor we used, if the jury has found the right way without a compass, then no real wrong has been done." *Collins-Plass Thayer Co. v. Hewlett,* 109 S. C., 253, 95 S. E., 510, 513.

While the duty was on the trial Court in the first instance to declare the law, a duty also rested on appellants to call to the Court's attention any omissions on its part and to request a definition of the terms used, if desired. *Township Commissioners v. Mfg. Co.,* 76 S. C., 386, 57 S. E., 201; *State v. Wardlaw, supra; State v. Roof,* 144 S. C., 118, 142 S. E., 238.

Under the view, however, which we take of the evidence, the error here assigned, while valid, is not prejudicial. The verdict of the jury is amply sustained by the testimony.

Exceptions VI and VII are likewise disposed of, in principle, by what we have said above. The charge of the trial Court on the elements of self-defense, complained of, is not susceptible of the construction placed on it by appellants. The trial Court did narrow the application of the second element dealing with the law of retreat, when he used the language, "You must get around it without violating the law if possible." But he immediately followed this

language with the statement, "You have to take into consideration the circumstances of the particular place."

While this charge was not as comprehensive as it should have been and it did, to an extent at least, narrow the rights of defendants in the respects charged, still upon the whole case we do not consider the error, if any, prejudicial.

Complaint is made (exception IX) that the sentences of defendants are excessive and inhuman.

This Court has no jurisdiction on appeal to correct a sentence alleged to be excessive, when it is within the limits prescribed by law. The length of the prison sentence rests in the sound discretion of the trial Court unless partiality, prejudice, oppression, or corrupt motive is shown. It does not appear that any such charges are here made. *State v. Bowman,* 137 S. C., 365, 135 S. E., 360.

The judgment appealed from is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.