15068

STATE v. PHILLIPS

(8 S. E. (2d), 626)

September, 1939.

*Messrs. C. T. Graydon* and *John Grimball,* for appellant,

*Mr. W. G. Finley, Solicitor,* for the State.

April 24, 1940.

The opinion of the Court was delivered by Mr. Justice Carter.

On June 24, 1939, certain officers of Fairfield County raided a filling station operated by Ernest Phillips. Six half pints of stamped, tax-paid liquor were discovered. He was thereafter indicted in the Court of General Sessions for Fairfield County, the indictment being in part as follows: "That Ernest Phillips  *  *  *  did willfully and unlawfully have in his possession and store in his place of business, illegal stamped whiskey, he not being a licensed liquor dealer, against the form of the statute." To this charge defendant plead guilty. He was sentenced to two years' imprisonment, on the condition, however, that "upon the service of eight (8) months, the remainder of the sentence is suspended during good behavior." From the sentence and judgment of the Court defendant appeals.

The first question raised is: "Was the sentence of the Court imposed in conformity with Section 15 or Section 18 of Act No. 199 of the Acts of the South Carolina Legislature for 1939?" It is obvious from the language of the indictment that the charge against defendant was preferred under Section 15. As there is nothing in the record which would lead us to think otherwise, we must conclude that the sentence was imposed under Section 15.

The second question for disposition is: "Was the sentence as imposed by the lower Court in proper form or should it have been imposed in the alternative of a prison sentence, only in default of payment of a fine?" Counsel for appellant contends that "it was the intention and is today the intention of the Legislature every time they pass a statute providing for a punishment in the alternative that the Court should sentence the defendant in the alternative and let him decide whether he would rather pay the fine or serve the prison sentence."

In *State v. Davis*, 86 S. C., 208, 68 S. E., 532, 533, the defendant was given a prison sentence under Section 169 of the Criminal Code then in effect which read: "Whosoever shall steal from the field any grain, cotton or vegetables,

whether severed from the freehold or not, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by imprisonment for not more than five years or by a fine of not more than five hundred dollars." In answer to defendant's contention that the sentence was void because it was not in the alternative, this Court said: "Such a construction of the statute would give the prisoner the right to determine whether he should suffer fine or imprisonment, whereas the statute leaves it to the Court to determine what shall be the sentence, either bv fine or by imprisonment." In *State v. Goins,* 122 S. C., 192, 115 S. E., 232, syllabus 1 is: "Cr. Code 1912, § 697, making non-support of wife or minor child a misdemeanor, and providing that upon conviction thereof defendant shall be imprisoned for a term not exceeding one year or be liable to a fine not exceeding $200.00, gives the Court discretion to impose either fine or imprisonment, but requires it to determine which of the two shall be imposed."

Defendant contends that, in spite of the decisions in the above two cases, "it would be to the benefit of the State and in accordance with the intent of the Legislature" if the Court would hold that, wherever a statute provides for punishment by prison sentence or by payment of a fine, the defendant should be allowed to chose whether he will serve a prison sentence or pay a fine. We do not agree with defendant here, however. The Legislature was cognizant of the decisions in the *Davis* and *Goins* cases when Section 15 was amended in 1939. It was the duty of that body, therefore, if it intended the penalty under Section 15 to be imposed contrary to the holding in those cases, to express such intention so definitely that there could be no doubt that that is what it meant. This it failed to do.

The seventh exception charges the ·Circuit Judge with error "in sentencing under said statute" because "said statute not containing a maximum. limit for the fine on the first violation and fine and imprisonment on a subsequent offense that the said section is in

contravention of the Constitution and is void." The contention is that the statute gives the trial Judge the power to arbitrarily impose a fine of an utterly excessive amount, and is, therefore, unconstitutional.

However, in view of our holding that it was the duty of the trial Judge to determine which of the two, a prison sentence or a fine, should be imposed, and as defendant was sentenced to imprisonment, the possibility of an excessive fine which might be imposed at some future date, but which does not affect him here, could do him no harm. We deem it unnecessary, therefore, to consider the constitutionality of the section complained of. The following from 6 R. C. L., 76, supports this holding: "While Courts will not refuse to pass on the constitutionality of statutes in any proceeding in which its determination is necessarily involved, needless consideration of attacks on their validity and unnecessary decisions striking down the constitutionality of statutes will be avoided * * *. It is only when a decision on its validity is necessary to the determination of the cause that the same will be made * * *. These principles have been recognized by the Supreme Court of the United States. That tribunal has announced that it rigidly adheres to the rule never to * * * consider the constitutionality of State Legislation unless it is imperatively required. * * *. One application of the general principle that Courts will not pass on the constitutionality of an Act of the Legislature, if the merits of the case in hand may be fairly determined without doing so, is that if the case may be decided on either one of two grounds and one of these does not involve the constitutionality of a statute, the Court will decide it on that ground."

By the first exception appellant contends that the sentence imposed "was excessive and unwarranted under the facts and circumstances," and asks "that he be discharged from jail because his sentence was unconstitutional as contravening Article I, Section 19, of the South Carolina Constitution of 1895." This exception is

also without merit. As already seen, for the offense committed, defendant was sentenced to two years in prison, sixteen months of which was suspended upon the service of eight months—in other words, defendant would serve only eight months in prison. It does not appear to us that the punishment here "was excessive, unreasonable, and unduly severe."

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.