15862

STATE v. BOLIN

(39 S. E. (2d), 197)

*Messrs. A. Ray Godshall,* of Gaffney, and *Williams, Felton & Powell,* of Spartanburg, for Appellant,

No written brief filed by the Respondent.

August 5, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court.

Appellant pleaded guilty in the Court of General Sessions for Cherokee County in November, 1945, to an indictment for violation of the State liquor laws, selling without a license. The presiding Judge sentenced him to six months' imprisonment and imposed a fine of $100.00, with the provision that upon payment of the fine the prison sentence would be suspended and appellant placed on probation (Section 1038-1 of the Code of 1942) for one year. Thereupon appellant paid his fine and qualified for probation.

A week later, during the same term of the court, his counsel moved for leave to appellant to withdraw his plea and for order thereupon that the sentence be set aside for the purpose of a renewed plea of guilty and re-sentence. The court informed appellant and his counsel that in such event further investigation would be made and the court would not be bound by the first sentence; with this appellant and his counsel agreed. The sentence was set aside and appellant permitted to enter again his plea of guilty to the indictment.

Inquiry was made by the court, which disclosed prior law violations by appellant and he was asked why he objected to probation. The reply was that he was doubtful whether he could conform to the requirements of probation and he requested that such not be included in the sentence, but that he be given instead a heavier fine. Upon further questioning, appellant stated, in effect, that he had no intention of again violating the liquor law but that he was in the habit of gambling. The investigation of the court revealed that appellant had not been convicted of violation of the State liquor law since 1932 (for a former instance see *State v. Bolin,* 159 S. C., 369, 157 S. E., 79, in which the defendant was the present appellant and from the report of which it appears that he had been an habitual violator), but that he had meanwhile, about two years ago, been imprisoned in a Federal penitentiary for violation of the liquor laws of that jurisdiction. After receipt of this information, the court sentenced appellant to serve eighteen months upon the public works of the county or a like period in the State penitentiary, with no additional or alternative fine.

Appeal is upon a single exception, imputing error to the court in the exercise of its discretion in that the sentence of eighteen months at hard labor was for the identical offense for which appellant had been previously sentenced by the same court to six months' labor and a fine of $100.00, with suspension of the "time" upon payment of the fine and probation for one year.

■ Upon his plea of guilty, appellant may have been sentenced to a maximum of two years' imprisonment at hard labor, so the sentence imposed is well within the limit prescribed by statute. It is impossible to find any abuse of discretion of the court in the facts related. Appellant's damning record of former violations of the State and Federal liquor laws, which was before the court when the sentence under appeal was imposed, was quite enough to properly influence the court to provide severe punishment.

Appellant largely relies upon the authority of *State v. Gregory*, 198 S. C., 98, 16 S. E. (2d), 532, where sentence was set aside by this court and the case remanded to the Court of General Sessions for the re-sentencing of the appellant to a lesser punishment than that embraced in the sentence from which he appealed. But reference to the report of that case shows that error was found in the sentence only because it was upon conviction for embezzlement, in which class of cases the constitution and statutes provide that the sentence shall be proportionate to the sum of the embezzlement involved in the conviction. There are no such constitutional and statutory provisions relating to appellant's offense.

■ The concluding words of the opinion in *State v. Johnson*, 159 S. C., 165, 156 S. E., 353, are appropriate and are quoted, as follows: "This Court has no jurisdiction on appeal to correct a sentence alleged to be excessive, when it is within the limits prescribed by law. The length of the prison sentence rests in the sound discretion of the trial Court unless partiality, prejudice, oppression, or corrupt motive is shown. It does not appear that any such charges are here made". Other similar authorities may be found by reference to 11 S. E. D., 654 *et seq.,* Criminal Law, key 1208.

The exception is overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.