15964

STATE v. BRANDON
(43 S. E. (2d) 449)

496

*Messrs. Hart & Moss,* of York, for Appellant, cite:

*Mr. W. G. Finley,* Solicitor Sixth Judicial Circuit, of York, for Respondent, cites:

June 23, 1947.

STUKES, Justice.

Appellant was tried at the April 1946 term of the Court of General Sessions for York County upon an indictment, returned at the preceding September term, which charged the unlawful possession in appellant's place of business, other than a licensed liquor store, of one quart and one pint of whiskey and one pint of rum. Upon conviction he was sentenced to labor for a term of eighteen months, upon service of half of which the balance will be suspended, and he is thereupon placed on probation for a period of five years. He appeals upon exceptions which raise the following questions, as stated in the brief:

1. Did the Presiding Judge err in charging the jury, where the defendant was indicted for having alcoholic liquors in his place of business, "That all parts of one's place of business, including rooms, closets, stairs, yards or courts used in connection with the place of business are a part and parcel of the place of business," when the testimony showed that the whiskey in question was in the private office of the defendant?

2. Could the Court impose under the law a sentence that was not in the alternative?

3. Did the Court abuse its discretion in imposing a sentence of eighteen months, upon the service of nine months thereof, that the balance be suspended, and the defendant placed on probation, and was such sentence excessive, unreasonable and unduly severe?

All issues of fact were concluded against appellant by the verdict of guilty but the following statement of the evidence is necessary for proper consideration of the exceptions.

Appellant operated three business establishments in the town of York, one he called in testimony a beer and grocery business on Roosevelt Street, a retail liquor store on Main Street and in the same block with the latter was his other grocery store and meat market. It was in this latter store that

the seized liquor was found at about 9 o'clock on the night of August 10, 1945. He kept his place open from 6 a. m. until 12 midnight. He testified that he visited his liquor store shortly before closing time, sundown under the law, and sold to himself the whiskey and the rum, paid for it and registered the sale, and then took it to his nearby grocery store intending to later take it to his home for anticipated celebration of the Japanese surrender which was imminent and he thought might occur by the following Sunday.

A state law enforcement officer and a rural policeman for York County had meanwhile obtained a search warrant applicable to his grocery store. They went there and the state officer began to search while the local officer watched appellant and his clerk. The state officer went almost directly to the office of the store, which was partitioned off in the left rear and contained a desk, adding machine, etc. The bottles of whiskey were in a paper bag, the rum unwrapped, and all were in a large carton or container on the floor of the office. The county officer testified that he heard appellant tell his clerk to claim the whiskey as his, but when the clerk was asked to describe it he did not do so accurately and afterward appellant admitted that the whiskey was his and that he had placed it in his store office temporarily.

The first assignment of error relates to what constitutes a place of business in which it is unlawful to store intoxicants. The challenged instruction is the same as that approved in the case of *State v. Shumpert,* 195 S. C. 387, 11 S. E. (2d) 523. See also *State v. Phillips,* S. C., 42 S. E. (2d) 339.

The statute, subsection (c) of Section 14 of Act No. 211 of May 7, 1945, 44 Stat. 337, 352, is as follows: "(c) It shall be unlawful for any person to store or have in possession any alcoholic liquors in his, her or its place of business other than a licensed liquor store. A place of business shall be, and include, any place where goods, wares, or merchandise are sold or offered for sale, or distributed, and also

places of amusement. A place of business shall also include residences and transportation vehicles when sale of any merchandise is made therefrom. A place of business shall also include outbuildings, warehouses and garages, when adjacent to or used in connection with any place of business where any goods, wares or merchandise are sold, or offered for sale, or distributed therefrom."

It is noted that the law expressly includes in a "place of business" outbuildings and other appurtenant structures. The office room where the liquor was found in this case was within and a part of the store, entered by a door from the salesroom. Under these circumstances it cannot be reasonably contended that it was not an integral part of appellant's place of business, under the plain terms of the statute. This consideration requires that appellant's first question be overruled.

The second and third questions are both concerned with the nature and severity of the sentence, and will be considered together.

The cited section 14 of the Act of 1945 provides in subsection (i) (2) for violation of the above quoted subsection (c) a fine or imprisonment in the discretion of the court. Appellant contends that this contemplates a sentence in the alternative, a fine or imprisonment. But the Act does not say so. The point was decided adversely to appellant's contention in *State v. Davis,* 86 S. C. 208, 68 S. E. 532, cited with approval in *State v. Phillips,* 193 S. C. 273, 8 S. E. (2d) 626.

Section 1038 of the Code of 1942 is invoked. It provides that where the punishment for crime is not prescribed by statute, the court shall pass such sentence as is conformable to the usage and practice in this State, according to the nature of the offense, and not repugnant to the constitution. The pertinent constitutional provision, Article I, Section 19, is to the effect that excessive fines shall not be imposed, nor cruel and unusual punishments inflicted. We cannot say that the sentence of eighteen month's impris-

onment, with half suspended, offends the constitution or the statute. In *State v Phillips, supra,* 193 S. C. 273, 8 S. E. (2d) 626, the offense · was storage in defendant's filling · station of six half pints of similar, taxpaid liquor. The sentence upon guilty plea was for two years' imprisonment (then the statutory maximum) with sixteen months suspended, so that service of eight months of the sentence was required, which was found not to be excessive, unreasonable or unduly severe. See generally, *State v. Bolin,* 209 S. C. 108, 39 S. E. (2d) 197. The appellant here conducted a retail liquor store duly licensed, which required familiarity with the law which he · flouted when he took liquor from his liquor store, required by law to be closed at sundown, and placed it in the office of his grocery store which he kept open until midnight.

We find no merit in the exceptions and they are overruled. Judgment affirmed.

FISHBURNE and OXNER, JJ., concur.

BAKER, CJ., and TAYLOR, J., concur in part and dissent in part.

BAKER, Chief Justice (concurring in part and dissenting in part).

The opinion of Mr. Justice Stukes correctly decides the first and second questions involved in this appeal, but I cannot agree with his disposition of the third question. His opinion sets out all three questions.

All trial lawyers experienced in defending (and prosecuting) defendants charged with · the commission of crime are acutely aware of the unreliability of the testimony of some of the "officers of the law," who seemingly go into Court prepared to either procure a conviction of the defendant, or assure his acquittal. (The writer has, however, encountered other law enforcement officers who would not deviate from the truth for the purpose of procuring a conviction, and making more probable a severe sentence.) And I would venture to believe that a majority of the trial Judges

are also aware of the fact that quite often small details which are damning to the defendant and quite unnecessary to a conviction, are gratuitously supplied by the class of law officers first above referred to. In the instant case, it made no material difference whether the liquor found in the appellant's grocery store was sitting on the floor of his office, or on top of his desk, where the appellant said he had placed it. And it is incredible that the appellant would have asked his clerk to claim the liquor when he knew or should have known that such a request would be overheard by one of the searching officers. The appellant did not hesitate to admit the ownership of the whiskey.

Accepting as true in detail the testimony in behalf of the State, it is my opinion that the sentence imposed was excessive, unreasonable and unduly severe, and in violation of Section 19, Article 1, of the Constitution, which provides, "Excessive bail shall not be required, *nor excessive fines imposed, nor cruel and unusual punishments inflicted,* * * *" (Emphasis added.)

In *State v. Davis,* 88 S. C. 229, 70 S. E. 811, 34 L. R. A. (N. S.) 295, it was held that this Court has no jurisdiction on appeal to correct a sentence on the ground that it is excessive, where it is within the limits prescribed by law for the discretion of the trial Court, and is not the result of partiality, prejudice, oppression or corrupt motive. See also *State v. Bowman,* 137 S. C. 364, 135 S. E. 360; *State v. Johnson et al.,* 159 S. C. 165, 156 S. E. 353; *State v. Bolin,* 209 S. C. 108, 39 S. E. (2d) 197; and numerous other cases.

In the case of *State v. Phillips,* 193 S. C. at page 275, 8 S. E. (2d) 626, 627, (cited in the opinion of Mr. Justice Stukes), where the identical question which now confronts the Court was raised, this Court refused to interfere with the sentence imposed under the facts of the case, and the reasonable inference to be drawn therefrom stating, "It does not appear to us that the punishment here 'was excessive, unreasonable, and unduly severe'." Of course, in that case,

as in this, no partiality, prepudice or corrupt motive was shown, so when the foregoing language was used by the author of that opinion, and the other members of the Court then sitting (including that eminent and outstanding jurist, the Honorable L. D. Lide, acting Associate Justice) concurred therein, necessarily it was decided no oppression had been shown.

Here we have a substantial and hard working citizen of York County who is married, and has seven children. The entire family live under one roof, and in addition thereto, the wife of a married son. The opinion of Mr. Justice Stukes gives in detail the places of business owned and operated by the appellant, and the alleged purpose for which he had temporarily placed this small quantity of whiskey in his grocery store—a purpose not inherently unlawful.

At most, so far as the record discloses, the temporary storing of this small quantity of whiskey unconcealed, whether it was on the floor or on the desk, in the appellant's office of his grocery store where he checked on all three places of his business, while unlawful, was a technical violation of the law, and not such a violation as the legislature had in mind in enacting the statute. It was probably for this reason, and to cover just such a case as we now have before us, that not even a minimum punishment for the violation thereof was provided, the punishment being within the discretion of the trial Judge.

I assume that the intent of the framers of our State Constitution in inserting the clause thereof under discussion, was to bridle the judicial as well as the legislative branch of the government, where the legislature left the punishment for statutory crime to the discretion of the Court, and that therefore, Article 1, Section 19, cannot be lightly brushed aside.

It is my opinion that to compel the appellant to serve the sentence imposed, under the circumstances of this case, would be *oppressive,* and in violation of the Article and

Section of the Constitution hereinbefore cited; and that the sentence imposed should be set aside, and the case remanded to the Court of General Sessions for York County for a resentence of the appellant to either pay a reasonable fine, or be placed on the public works for York County or in the State Penitentiary for a reasonable time. But I can see no reason for unnecessarily humiliating the appellant and his family.

TAYLOR, J., concurs.

### ON PETITION FOR REHEARING

PER CURIAM.

All questions presented in the petition for a rehearing have heretofore been carefully considered and found without merit. The petition is denied.

We wish, however, to supplement the majority opinion of the Court by stating that the record before us does not show what facts or circumstances were presented to the trial Judge after conviction and before sentence. With the view of fixing the sentence to be imposed upon appellant, it was proper for the trial Judge in open Court, in the presence of the defendant, to inquire into any relevant facts in aggravation or mitigation of punishment. *State v. Reeder,* 79 S. C. 139, 60 S. E. 434, 14 Ann. Cas. 968; *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730. The record does not reveal whether this was done, or, if so, the information given. It will, therefore, be assumed that the circumstances before the trial Judge were such as to justify the sentence imposed.

Let this order be reported and published along with the opinion.

BAKER, Chief Justice, and TAYLOR, Justice (dissenting).
The prevailing order on the petition for a rehearing in this case appears to be bottomed upon a presumption against the defendant-appellant.

504

We are still of opinion, from the record before us, that the punishment inflicted was oppressive, thus bringing it within the prohibition of Article 1, Section 19 of the Constitution of 1895.