16251

STATE v. BELL

(54 S. E. (2d) 900)

312

*John M. Schofield,* of Walhalla, *for Appellant,*

*Mr. Rufus Fant, Solicitor,* of Anderson, *for Respondent,*

August 12, 1949.

FISHBURNE, Justice.

The appellant, Ed Bell, was indicted on two counts charging him with: (1) Possession for unlawful purpose and use of alcoholic liquors; and (2) The unlawful manufacture of alcoholic liquors. Act No. 211 (1945), Sec. 14, 44 Stat. at Large, pp. 337, 352.

When the case was called for trial, appellant entered a general plea of guilty. The trial judge then sentenced him to serve eighteen months on the pubic works of Oconee County or a like period in the State Penitentiary.

Immediately before imposing the sentence, the trial judge made inquiry with reference to appellant's past record, which he discussed with appellant and his attorney at length. Inquiry was also made of the officers connected with the case.

Appellant stated to the court that he had been engaged in an unlawful liquor business about twenty years, and that he could not remember how many times he had been apprehended and sentenced for violating the liquor laws. He admitted that he had been convicted in November, 1947 for the unlawful manufacture of alcoholic liquors, and stated that he had served a term in the Federal Penitentiary for violating the liquor laws. It developed that the appellant is sixty one years old, and has a family of small children dependent upon him. Before passing sentence, the appellant and his attorney were given full opportunity to be heard by the trial judge.

The first question to be considered is appellant's contention that the sentence imposed is so unduly severe, and manifestly so excessive as to violate that portion of Article I, Section 19 of the Constitution, which forbids the infliction of cruel and unusual punishment.

Sub-section (i) (2) of Section 14 of Act No. 211 of the Acts of the General Assembly, 1945, 44 Stat. at Large, page 353, provides, among other things, that the punishment for unlawful manufacture of alcoholic liquors and for having alcoholic liquors in possession for unlawful use, shall be "(A) fine or imprisonment in the discretion of the Court of General Sessions."

This court has repeatedly held that it has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by law for the discretion of the trial judge, and is not the result of partiality, prejudice, oppression or corrupt motive. *State v. Scates,* 212 S. C. 150, 46 S. E. (2d) 693; *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273.

The issue then is, was the imposition of the sentence of eighteen months an abuse of discretion, influenced by partiality, prejudice, oppression or corrupt motive; or did it come under the Constitutional ban as constituting cruel and unusual punishment? In our opinion, this record clearly negatives any such conclusion.

The appellant frankly detailed and admitted a long history of law violations with reference to the manufacture and possession of alcoholic liquors. Upon none of the grounds stated has error been shown by the trial court.

It is contended that the court erred in failing to ask the appellant before sentencing him, if he had anything to say why judgment should not be pronounced upon him. The record in this case does not show whether this question was asked, but it seems to be conceded that no such inquiry was made.

Appellant entered his plea of guilty to a misdemeanor, and in this State we have no statute requiring that the interrogatory be made when the conviction is for a misdemeanor. In *State v. Trezevant,* 20 S. C. 363, 47 Am. Rep. 840, it was held that such inquiry should be made of a defendant in a capital case before judgment is passed, but this rule, which is based on the common law, does not apply in this State with reference to misdemeanor cases.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.