16255

STATE v. PHILLIPS
(54 S. E. (2d) 901)

316

*Mr. John M. Schofield,* of Walhalla, *for Appellant,*

*Mr. Rufus Fant, Solicitor,* of Anderson, *for Respondent,*

August 17, 1949.

STUKES, Justice.

Appellant was jointly indicted with his son-in-law, Jake Grant, at the March, 1948, term of the Court of General Sessions for Oconee County upon two counts, first, for unlawful possession on Dec. 9, 1948 (*sic*) of unstamped alcoholic liquors, and second, for unlawful manufacture, without a license, of alcoholic liquors on the same misstated date.

At that term of Court both defendants signed a written waiver of arraignment, pleaded guilty to the charges contained in the indictment and consented to sentence. Sentences were passed by the court on March 3, 1948, that upon Grant being for one year at hard labor with suspension of the sentence upon probation for three years. Appellant was sentenced to hard labor upon the public works of the county or in the State penitentiary for a term of two years, without suspension or probation. Grant did not appeal. It appears that he is of low mentality and was dominated by appellant.

The statement in the transcript of record is to the effect that before imposition of sentence appellant discussed with the court at length the offenses to which he had pleaded guilty and he again admitted his guilt of the crimes charged and that he had been engaged unlawfully in the liquor business for four or five years and had been apprehended several times before. When first asked what he had to say he informed the court that his wife was a patient in a tuberculosis hospital and there were four small children at home with no one to care for them except himself. The following sentence is quoted from the statement: "The defendant was given full opportunity to be and was fully heard in the matter."

The exceptions will be discussed in opposite order from that argued in the brief. The first for consideration is the contention that the indictment was fatally defective because it charged the commission of the crimes on a day which had not arrived. Apparently this in-

advertence passed unnoticed until after plea, sentence and adjournment of the court; at least no point of it was meanwhile made. Section 1004 of the Code of 1942 is conclusive, as follows: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn, and not afterwards."

*State v. Weaver,* 74 S. C. 417, S. E. 615, was decided under the above statute, which was then section 57 of the Code. The indictment in that case was returned on Oct. 10, 1905, defendant was put on trial on Oct. 11 and convicted Oct. 12, 1905. The indictment alleged the commission of the offense on Oct. 18, 1905. In the course of the trial defendant objected to the evidence of the State that in fact the crime was committed on Feb. 18, 1905. The objection was overruled and conviction was affirmed by this court. The syllabus of the opinion is: "Objection that the date of the committal of an offense is laid in the indictment at a date subsequent to the finding of the bill and of the day of trial must be taken by demurrer or motion to quash before the jury is sworn." The statute is no less applicable because the appellant in this case waived jury trial by his guilty plea. His position with respect to the statute is as if the jury had returned a verdict of guilty, had he gone to trial, before he questioned the form of the indictment. The old case of *State v. Ray,* Rice 1, 33 Am. Dec. 90, relied upon by appellant arose before enactment of the presently controlling statute and on that account is of no authority here.

Prejudicial error is alleged for failure of the court to formally inquire of the defendant whether he had anything to say why sentence and judgment should not be pronounced. This ancient common-law practice is known as allocution or allocutus. In the first place the rule is universally held to be inapplicable in the absence of statute in a misdemeanor case, which this is, and it has been held that its omission is not fatal to affirmance of sentence for

any offense less than capital. *State v. Ball,* 27 Mo. 324; Bouv. Law Dict., Rawel's Third Revision, p. 180. The cases from this court apply only to the death sentence. *State v. Trezevant,* 20 S. C. 363, 47 Am. Rep. 840; *State v. Jefcoat,* 20 S. C. 383. They represent the majority rule. 24 C. J. S., Criminal Law, § 1576, p. 82; 15 Am. Jur. 114 *et seq.*; Note, Ann. Cas. 1916C, 95. In the second place, it is undisputed that there was a lengthy conversation after plea and before sentence between the court and appellant which would have met the requirement had it been applicable.

Assignment of error similar to the foregoing was made in the very recent appeal of *State v. Bell,* S. C., 54 S. E. (2d) 900, which involved identical crimes, and was overruled. It must be likewise dismissed here.

There only remains for consideration the exception which charges that the sentence is excessive and that the judgment should be reversed and the case remanded for re-sentence of appellant, and upon it the most emphasis was laid in the brief and oral argument. The statute, Act 211 of 1945, 44 Stat. at Large, page 353, provides that the punishment for unlawful manufacture of alcoholic liquors and for having such in possession for unlawful use shall be fine or imprisonment in the discretion of the court. Thus no minimum or maximum punishment is fixed and it is therefore discretionary with the court, subject of course to the constitutional inhibition against cruel and unusual punishment. Constitution of 1895, Art. 1, Sec. 19. See also, Sec. 1038, Code of 1942. The recent authority of *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273, is cited by appellant. It is not comparable and therefore not controlling. There sentence of thirty years for burglary, in the face of recommendation of mercy by the jury, was reversed.

The pitiable condition of appellant's dependents may well have been calculated to influence the court toward leniency but because it did not do so to the

extent thought proper by appellant or his counsel is not a ground for reversal of the judgment. It cannot be overlooked that appellant was confessedly an habitual offender, and chronic disease is rarely cured by mild treatment. Enforcement of the liquor laws is important to society and the State, both with respect to public welfare and revenue.

Moreover, the imposition of sentence is the responsibility of the trial judge rather than ours. He is in far better position to decide upon a proper punishment, *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449; *State v. Scates,* 212 S. C. 150, 46 S. E. (2d) 693; and his conclusion will be affirmed except in very rare instances, as pointed out in *State v. Kimbrough, supra.* We quote from the opinion in that case, 212 S. C. at page 357, 46 S. E. (2d) at page 277: "It is perhaps unnecessary to add that only under rare and unusual circumstances will this Court interfere with the discretion of the trial judge in the imposition of a sentence. The difficult duty and the weighty responsibility of determining the sentence to be imposed on a defendant is under most of our statutes properly left, within certain limitations, to the trial judge, who is in a much better position than this Court to fix the penalty to be imposed. As well stated in *Hawkins v. United States,* 7 Cir., 14 F. (2d) 596, 598: 'There is no judicial function which makes larger drafts upon the fairness, common sense, sanity, and good judgment of the judge than that of fixing penalties for criminal offenses, nor one which more vitally affects the stability of free institutions. Excessive penalties are tyrannical in the court, and abhorrent to the public; on the other hand, penalties unduly mild seriously embarrass law enforcement and encourage infractions of the criminal laws.' "

Certainly the record and sentence in this case do not disclose partiality, prejudice, oppression or corrupt motive, which is the language used in many former

decisions of this court disposing of similar appeals which are too numerous to cite. See again, *State v. Bell, supra.*

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.