16600

STATE v. GOODALL

(69 S. E. (2d) 915)

*Mr. N. Welch Morrisette, Jr.,* of Columbia, *for Appellant,* cites:

*Mr. T. P. Taylor, Solicitor,* of Columbia, *for Respondent.*

March 10, 1952.

STUKES, Justice.

This appeal is upon a single exception which is as follows: "That the order of the Hon. G. Duncan Bellinger ordering appellant to serve one year and six months for the charge for which he was convicted is excessive under the facts and circumstances of this case."

The record before us consists of copies of the indictment, the sentence of eighteen months confinement in the penitentiary at such labor as appellant can perform, the order admitting him to bail pending appeal and the following fully quoted statement, to all of which counsel agreed in writing that it should constitute the Transcript of Record for appeal.

"The appellant was convicted in his absence on the 29th of May, 1951, before the Honorable G. Duncan Bellinger, Presiding Judge of the 5th Judicial Circuit, and a jury, at the Richland County Court House, Columbia, S. C., of the charge of unlawful possession of liquors in his place of business. He was found not guilty of the second and final count of the indictment, charging him with willfully and unlawfully receiving and keeping in his place of business liquors for unlawful use.

"The Honorable G. Duncan Bellinger, on June 2, 1951, by sealed sentence, sentenced the appellant to such hard (sic) labor as the appellant may be able to perform in the State Penitentiary for a period of one year and six months.

"Thereafter when the appellant was apprised of his conviction, he surrendered himself to the Sheriff of Richland County.

"The appellant thereupon moved that he be let to bail, and the Honorable G. Duncan Bellinger, with the consent of the Honorable T. P. Taylor, Solicitor, granted said motion,

and the appellant duly complied with the terms of said order and is now out on bail pending the final determination of this appeal.

"Thereafter, and in the time required by law, appellant served written notice of intention to appeal to this Court from the order of the Honorable G. Duncan Bellinger sentencing the appellant to the State Penitentiary for a year and six months, said Order being dated June 2, 1951."

From the foregoing only are "the facts and circumstances of this case" derivable. (The quotation is from the above quoted exception. Appellant transgressed Rule 8, sec. 7, of this court by arguing alleged facts which do not appear in the record and cannot be considered.) They disclose nothing to evoke the rare jurisdiction of this court to interfere with the exercise of the discretion of the trial judge in the imposition of sentence upon a defendant who has been found, or has pleaded, guilty of the commission of crime. A recent, rare example is *State v. Kimbrough*, 212 S. C. 348, 46 S. E. (2d) 273, reference to which should be had for review of earlier authorities.

The controlling question here presented is whether the facts show manifest abuse of discretion, which it is very clear must be answered in the negative and the judgment affirmed.

Similar unsuccessful appeals from comparable sentence for violation of the same or a like statute are *State v. Phillips*, who pleaded guilty, 193 S. C. 273, 8 S. E. (2d) 626, and *State v. Brandon*, 210 S. C. 495, 43 S. E. (2d) 449.

Appellant at bar was convicted of the possession and storage of alcoholic liquors in his place of business (his "store house," quoting from the indictment) which was not a licensed liquor store, which was in violation of subsection (c) of section 1842 of the 1946 Code Supplement. Subsection (i) (2) prescribes that the penalty in such a case shall be fine or imprisonment in the discretion of the Court of General Sessions. For possession anywhere of unstamped liquor

(subsection b), for employment in the liquor business of a minor (subsection d), and for drinking on the premises of a liquor establishment (subsection e), all of which are apparently less serious crimes, the penalty is stipulated in subsection (1) as a fine of not over $100.00 or imprisonment of not over fifteen days, which is within the jurisdiction of a magistrate. On the other hand, it is seen that the violation of which appellant was convicted is exclusively within the jurisdiction of the Court of General Sessions, which may impose a fine or imprisonment in its discretion. Appellant could hardly have expected leniency in the form of suspension or probation when he failed to attend his own trial.

It was said in *State v. Steadman*, 216 S. C. 579, 59 S. E. (2d) 168, 182, *certiorari* denied, 340 U. S. 850, 71 S. Ct. 78, 95 L. Ed. 623, as follows: "It is the established rule in this state that this court has no jurisdiction on appeal to correct a sentence alleged to be excessive, when it is within the limits prescribed by law for the discretion of the trial judge, and is not the result of partiality, prejudice, oppression, or corrupt motive. *State v. Phillips*, 215 S. C. 314, 54 S. E. (2d) 901; *State v. Scates*, 212 S. C. 150, 46 S. E. (2d) 693; *State v. Kimbrough*, 212 S. C. 348, 46 S. E. (2d) 273; *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532." And the following was quoted with approval from the *Scates case*: "An exhaustive definition of the phrase 'abuse of discretion' would be difficult, if not impossible. Each case must be determined with reference to its own peculiar facts. The exercise of a sound judicial discretion must and should be performed in every case with a conscientious regard for what is just and proper under the circumstances. It does not appear here that the trial court's discretion was exercised arbitrarily, or for reasons clearly untenable or unreasonable." [212 S. C. 150, 46 S. E. (2d) 695.]

The judgment is affirmed.

FISHBURNE and OXNER, JJ., concur.

BAKER, C. J., and TAYLOR, J., dissent.

TAYLOR, Justice (dissenting).

Appellant was convicted in his absence on the 29th day of May, 1951, before the Honorable G. Duncan Bellinger, Presiding Judge of the Fifth Judicial Circuit, and a jury in the Court of General Sessions for Richland County of the charge of unlawful possession of alcoholic liquors in his place of business, such not being a licensed liquor store and same being in violation of subsection (c) of Section 1842 of the Alcoholic Beverage Control Act of 1945. Whereupon the following sealed sentence was passed by the Presiding Judge that "Henry Goodall be confined at such labor as he can perform in the State Penitentiary for a period of Eighteen (18) months."

Appellant now comes to this Court contending that such sentence is so severe and excessive as to amount to cruel and unusual punishment in violation of Section 19, Article 1 of the South Carolina Constitution, which provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusal punishments inflicted * * *."

The appellant, Henry Goodall, is 44 years old and a semi-invalid with only one arm. When seven and one-half pints of liquor were found in his place of business, which was not a liquor store, he was arrested upon a warrant duly issued by Ben H. Walker, Esq, one of the magistrates of Richland County and posted a $100.00 cash bond. Upon call of the matter before the magistrate, the $100.00 bond was declared forfeited, Sometime thereafter, upon order of the solicitor, Honorable T. Pou Taylor, the $100.00 bond which had been declared forfeited by the magistrate was returned to appellant and the case sent to the Court of General Sessions for trial. Upon learning that he had been tried and sentenced by the Court of General Sessions in his absence, appellant surrendered to the sheriff of Richland County for the purpose of opening and receiving such sentence.

Several cases of similar nature have come to this Court raising similar questions. In *State v. Phillips*, 193 S. C.

273, 8 S. E. (2d) 626, the appellant had six and one-half pints of stamped, tax-paid liquor in his place of business and was sentenced to serve two years imprisonment on the condition, however, that upon service of eight months, the remainder of the sentence was suspended. In *State v. Bell,* 215 S. C. 311, 54 S. E. (2d) 900, Bell was convicted of possessing for unlawful purpose and use and of manfacturing alcoholic liquors, and the Presiding Judge in that case sentenced the defendant to eighteen months. Bell admitted to the Court that he had engaged in the unlawful liqour business for approximately twenty years and that he could not remember how many times he had been convicted of violation of the liquor laws. He had also served time in the Federal Penitentiary for a like offense. In *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273, Kimbrough was convicted of burglary with the jury recommending mercy, as a result of which Kimbrough was given a sentence of thirty years, and this Court said in effect that, taking into consideration appellant's age, he was given what was tantamount to life imprisonment, that this amounted to a disregard of the jury's recommendation and was therefore an abuse of discretion, and remanded the case for resentencing. In *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449, 452, Brandon was found guilty of having in his place of business other than a liquor store (as in instant case) one quart and one pint of whiskey and one pint of rum and was given a sentence of eighteen months, upon service of one-half, however, the balance was suspended and he was placed on probation for a period of five years. In that case where the defendant was sentenced to serve nine months, the Court upheld the conviction with two of the five justices dissenting. Upon petition for rehearing, the majority of the Court stated: "We wish, however, to supplement the majority opinion of the Court by stating that the record before us does not show what facts or circumstances were presented to the trial Judge after conviction and before sentence. With the view of fixing the sentence to be imposed upon appellant, it was proper for the trial Judge

in open Court, in the presence of the defendant, to inquire into any relevant facts in aggravation or mitigation of punishment. *State v. Reeder,* 79 S. C. 139, 60 S. E. 434, 14 Ann. Cas. 968; *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730. The record does not reveal whether this was done or, if so, the information given. It will, therefore, be assumed that the circumstances before the trial Judge were such as to justify the sentence imposed."

There can be no question of the power of this Court to review a sentence for the purpose of determining whether or not it contravenes the provision of the Constitution against cruel and unusual punishment. Moreover, there exists in every Court an inherent power to see that the fundamental rights of one charged with the commission of a crime are protected.

Appellant was convicted of a statutory offense for which the legislature did not see fit to set a maximum or minimum, but set the punishment as "a fine or imprisonment in the discretion of the court". This Court has heretofore held that where the sentence is within the limits prescribed by law, it is a matter within the discretion of the Trial Judge. *State v. Davis,* 88 S. C. 229, 70 S. E. 811, 34 L. R. A., N. S., 295; *State v. Bowman,* 137 S. C. 364, 135 S. E. 360; *State v. Johnson,* 159 S. C. 165, 156 S. E. 353; *State v. Bolin,* 209 S. C. 108, 39 S. E. (2d) 197. However, harsh and excessive punishment is never intended under any circumstances. The legislature did not see fit to set limits by which a Trial Judge might be guided in his sentencing of those who violated subsection (c) of Section 1842, but Section 1038 of the 1942 Code of Laws of South Carolina provides that where the punishment for a crime is not prescribed by statute, the Court shall pass such sentence as is conformable to the usage and practice in this State, according to the nature of the offense and not repugnant to the Constitution.

The indictment in the instant case charged appellant (1) with having alcoholic liquors in his place of business which

was not a licensed liquor store, (2) with wilfully and unlawfully receiving, accepting and having in possession such alcoholic liquors for unlawful use. The jury found appellant not guilty on the second count; therefore, he has been exonerated of the charge of receiving and having in possession such liquors for an unlawful purpose and stands guilty only of having such liquors in his place of business which is not a licensed liquor store.

Under Section 1842, heretofore referred to, there are numerous subsections setting forth crimes relative to alcoholic liquors, at the conclusion of which we find the following:

"(1) For the violation of the provisions of sub-sections (b) (d) and (e) of this section a fine of not more than one hundred ($100.00) dollars or imprisonment of not more than fifteen (15) days.

"(2) For each violation of any other provision of this article, except where a different punishment is expressly provided, a fine or imprisonment in the discretion of the court of general sessions."

The relatively light punishment provided by the legislature for the violation of sub-section (b), (d) and (e) might be taken as some indication of its intentions with regard to the violation of other provisions of this same section. The record does not disclose whether or not appellant had posted bond and therefore had notice that his case would be called at that term of court, but he voluntarily surrendered himself shortly thereafter and stated that he was not aware that the case had been called until after the sealed sentence was passed; neither does the record disclose any prior conviction of appellant.

We are unmindful of any case and none have been cited where, under similar circumstances, one convicted in this State of the crime, heretofore referred to, was given a like sentence. It therefore is not conformable to the usage and practice in this State as required by Section 1038 of the Code of Laws of South Carolina, 1942. It may be also noted

that appellant was not present and it cannot be assumed as in *State v. Brandon, supra,* that the judge with the view of fixing sentence inquired in open court and in the presence of the appellant as to relevant facts in aggravation or mitigation of punishment.

Under the reasoning employed in the majority opinion, there is no limit in such cases, as none is set in the statute; even five or ten years or more could be said to come within the discretion of the Trial Judge. Therefore, I am forced to dissent as I am of the opinion that to compel the appellant under the circumstances of this case to serve the sentence imposed would be a violation of the provisions of Sec. 1038, 1942 Code of Laws of South Carolina, and amount to cruel and unusual punishment in violation of Section 19, Article 1 of the Constitution of this State; that the sentence imposed should be set aside, and that the case be remanded to the Court of General Sessions for Richland County for re-sentencing of appellant to pay a reasonable fine or be placed on the public works of Richland County or in the State Penitentiary for a reasonable time.

BAKER, C. J., concurs.