## 16832

STATE v. HALL *ET AL.*

(80 S. E. (2d) 239)

*J. A. Hutto, Esq.,* of Columbia, *for Appellants,*

*T. P. Taylor, Esq., Solicitor,* of Columbia, *for Respondent.*

February 10, 1954.

BAKER, Chief Justice.

There is but one issue in this case, the second issue having been abandoned upon oral argument. This issue, as stated by appellants, is: "Was the sentence of the Trial Judge of two years imprisonment excessive, unusual, unreasonable and oppressive and in violation of the Constitution of the State of South Carolina and of the United States?"

The appellants-defendants were indicted and tried in the Court of General Sessions for Richland County at the June, 1953, term, on several counts involving spirituous liquor, and were convicted on the sixth count which charged that on January 27, 1953, in the County of Richland in the State of South Carolina, the appellants did willfully and unlawfully make and manufacture alcoholic liquors without having first obtained a license so to do; and being convicted, they were sentenced by the Presiding Judge to be confined at hard labor in the State Penitentiary for a period of two years. Upon their trial the appellants offered no testimony in their defense. The agreed statement contained in the record furnishes the information that this was a first offense of either of the appellants.

Section 17-553 of the Code of Laws of 1952, provides that where punishment for a crime is not prescribed by statute, the Court shall pass such sentence as is conformable to the usage and practice in this State, according to the nature of the offense and not repugnant to the Constitution.

While it appears to us, neither of the appellants having any criminal record, that the sentence imposed is somewhat harsh, yet it is the established rule in this State that this Court has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by law and in the discretion of the Trial Judge, and is not the result of partiality, prejudice, oppression or corrupt motive. *State v. Goodall,* 221 S. C. 175, 69 S. E. (2d) 915.

The length of the sentence to be imposed for the offense for which the appellants were convicted is admittedly within the discretion of the Trial Judge, and the record in this case does not disclose partiality, prejudice, oppression or corrupt motive (nor is such charged) on the part of the sentencing Judge. We quote from the case of *State v. Phillips,* 215 S. C. 314, 320, 54 S. E. (2d) 901, 904:

"Moreover, the imposition of sentence is the responsibility of the trial judge rather than ours. He is in far better position to decide upon a proper punishment, *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449; *State v. Scates,* 212 S. C. 150, 46 S. E. (2d) 693; and his conclusion will be affirmed except in very rare instances, as pointed out in *State v. Kimbrough, supra* [212 S. C. 348, 46 S. E. (2d) 273]. We quote from the opinion in that case, 212 S. C. at page 357, 46 S. E. (2d) at page 277: 'It is perhaps unnecessary to add that only under rare and unusual circumstances will this Court interfere with the discretion of the trial judge in the imposition of a sentence. The difficult duty and the weighty responsibility of determining the sentence to be imposed on a defendant is under most of our statutes properly left, within certain limitations, to the trial judge, who is in a much better position than this Court to fix the penalty to be imposed. As well stated in *Hawkins v. United States,* 7 Cir., 14 F. (2d) 596, 598: "There is no judicial function which makes larger drafts upon the fairness, common sense, sanity, and good judgment of the judge than that of fixing penalties for criminal offenses, nor one which more vitally affects the stability of free institutions. Excessive penalties are tyrannical in the court, and abhorrent to the public; on the other hand, penalties unduly mild seriously embarrass law enforcement and encourage infractions of the criminal laws." ' "

The writer thinks that the sentence imposed will have to be affirmed under the binding authority of *State v. Goodall, supra,* although that case was decided by a divided Court. While one violating the law must be punished, yet it is the writer's observation over a period of nearly thirty years as an active practitioner of the law and nearly nineteen years as a member of this Court, that neither the certainty of punishment nor the severity of sentences deters persons bent on violating the law. But in the present case this was, as aforesaid, the appellants' first and only conviction.

Affirmed.

TAYLOR, J., and JOSEPH R. MOSS, A. A. J., concur.

STUKES and OXNER, JJ., concur in result.

STUKES, Justice (concurring in result).

I respectfully confine my concurrence to the result of the opinion of the Chief Justice, which is affirmance of the judgment, because I do not think that the sentence, which was within the discretion of the trial judge, was unduly harsh. Appellants were convicted upon trial by jury of the unlawful manufacture of alcoholic liquors. The increasing prevalence of this illegal practice is within common knowledge and the revenues of the State from the legal sale of tax-paid liquor have thereby been greatly reduced in recent years. Certain and severe punishment upon conviction is, I think, the most effective deterrent.