THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
James Patrick Jones,       
Appellant.
 
 
 

Appeal From Charleston County
Daniel F. Pieper, Circuit Court Judge

Unpublished Opinion No. 2003-UP-046
Submitted November 20, 2002  Filed 
 January 15, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, 
 for appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Chief of the State Grand Jury Robert E. Bogan and 
 Assistant Attorney General Jennifer D. Evans, all of Columbia;  and Solicitor 
 Ralph E. Hoisington, of N. Charleston, for respondent.
 
 
 

 PER CURIAM:  Decided 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities: Williams 
 v. Illinois, 399 U.S. 235, 243 (1970) (Sentencing judges are vested with 
 wide discretion in the exceedingly difficult task of determining the appropriate 
 punishment in the countless variety of situations that appear.); State v. 
 Goodall, 221 S.C. 175, 177, 69 S.E.2d 915, 916 (1952) (holding to determine 
 whether this Court should interfere with the exercise of the discretion of 
 the trial judge in the imposition of sentence upon a defendant[,] . . . [t]he 
 controlling question . . . is whether the facts show manifest abuse of discretion); 
 State v. Barton, 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct. App. 1997) 
 (holding [a]bsent partiality, prejudice, oppression, or corrupt motive, this 
 Court lacks jurisdiction to disturb a sentence that is within the limit prescribed 
 by statute); S.C. Code Ann. § 44-35-370(e)(1)(a)(1) (2002) (providing a term 
 of imprisonment of between one and ten years and fine of $10,000 for trafficking 
 in marijuana more than ten but less than one hundred pounds); see Goodall, 
 221 S.C. at 177, 69 S.E.2d at 916 (indicating the facts of this case disclose 
 nothing [requiring us] to evoke the rare jurisdiction of this [C]ourt to interfere 
 with the exercise of the discretion of the trial judge in the imposition of 
 sentence upon a defendant); cf. State v. Higgenbottom, 344 S.C. 
 11, 15, 542 S.E.2d 718, 720 (2001) (quoting North Carolina v. Pearce, 
 395 U.S. 711, 726 (1969)) (holding whenever a judge imposes a more severe 
 sentence upon a defendant after a new trial, the reasons for his doing so 
 must affirmatively appear [on the record] (emphasis added)).
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215, SCACR.